# Hollis, Appellant, *v.* Hollis.

*Trusts and trustees—Oral trust by legatee—Burden of proof—Bill in equity—Refusal—Evidence—Proof of inconsistent proposition.*

1. A trust orally annexed by the testator to a bequest or devise absolute in form, and accepted by the legatee or devisee at the time when the provision was made, or by his assent given prior to and continuing at that time, either expressly or by words or acts of encouragement, or by silent acquiescence, may be enforced in equity. The proof of the creation of such trust must be clear, precise and indubitable and the burden rests upon the party asserting it.

2. An item of evidence equally calculated to prove one or two

other things inconsistent with the proposition contended for cannot be made the basis of a finding affirming that proposition.

3. Testatrix by will directed that the residue of her estate be divided as follows: Three-fifths to the defendant, her oldest son, "absolutely"; one-fifth absolutely to two other children, one of whom was the plaintiff. Plaintiff contended that the three-fifths devised to the defendant was subject to an oral trust that he should hold and manage same 'for the benefit of other children, including the plaintiff. Defendant denied the existence of the trust. The only evidence adduced by plaintiff in support of his contention was a letter from the defendant to the plaintiff subsequent to the death of the testatrix in which the defendant; who was also the executor of the estate, referred to the plaintiff's share therein, but in no way mentioned any understanding between the defendant and the testatrix, or any wish or design on testatrix's part concerning the defendant's enjoyment or application of the share devised to him. *Held,* the lower court did not err in dismissing the bill in equity for a declaration and enforcement of the alleged oral trust.

Argued April 27, 1916. Appeal, No. 460, Jan. T., 1916, by plaintiff, from decree of C. P. Berks Co., Equity Docket, 1914, No. 1133, in equity, dismissing bill to declare an oral trust in case of John G. Hollis v. Martin G. Hollis. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for the declaration and enforcement of an oral trust.

ENDLICH, J., filed the following findings of fact and conclusions of law:

1. Maria G. Hollis died Oct. 8, 1911, the owner of a candy manufacturing business and of a four-fifths interest in certain real estate in the City of Reading, (the remaining one-fifth interest belonging to a daughter, Julia, residing in Greece,)—and leaving, besides the daughter just mentioned, another daughter, Despina, and three sons, living in this country, namely, Thamos, the plaintiff John G. Hollis and the defendant Milton G. Hollis, the eldest. The business and real estate had passed to Maria G. Hollis and her said children upon the death, in 1905, of another son, William, and the interest in the realty be-

longing to the children resident in this country was conveyed to her by deed of Feb. 21, 1907, in consideration of one dollar.

2. By her will Maria G. Hollis, after making a number of specific bequests and devises, including a bequest of $500 to the plaintiff "absolutely," directed the remainder of her estate, real, personal and mixed, to be divided, three-fifths to the defendant "absolutely," one-fifth "absolutely" to Thamos, and one-fifth "absolutely" to Despina,—the defendant being named as her executor.

3. In reply to some complaint or expression of dissatisfaction by plaintiff to defendant, the latter on Nov. 29, 1912, wrote to the former a letter which makes no reference to any understanding between defendant and the testatrix, or to any wish or design on her part, concerning the share of her estate left to defendant in her will, but in which he says:

"The situation is as follows: Nobody wants to do anything unjust. The business is conducted in four equal parts—one for Despina, one for Thamos, one for you and one for me, but for many reasons which you know, I hold your share. As far as the building is concerned, it will be in five parts.......You are of the same category as we are and you shall receive regularly just what is due you annually from your share of the business. As for the building, your share will be in your name.......You know that even though I have but one-half dollar, I will give one-half of it to Despina and the balance we will divide between us. Have confidence in me and time will tell."

4. Upon defendant's failure to account to plaintiff in respect to the business and to convey to him a one-fifth interest in the realty, this bill was brought, alleging that the gift of three-fifths of Maria G. Hollis's estate to defendant, whilst absolute on its face, was made to and accepted by him subject to a trust that the business should be in four parts, one of them to belong to plaintiff,

and the realty in five parts, one of them to belong to plaintiff.

5. There is no evidence in the case connecting the letter above quoted with, and none even remotely capable of pointing to the existence of, any trust annexed to the gift in Maria G. Hollis's will to defendant or assumed by him in respect to the same. The only oral evidence there is on this subject is the positive and uncontradicted denial by defendant of any such arrangement between him and the testatrix, as well as of any knowledge on his part of the contents of the will before its probate, or of any intimation by the testatrix that it should be anything else than what it is, and an explanation of his letter to plaintiff substantially to the effect that what he meant by it was, not an admission of any obligation on his part whatever, but an assurance of his willingness further to assist the plaintiff, already considerably in his debt, to the extent of defendant's ability and of plaintiff's needs, from time to time.

## II. DISCUSSION.

As in every cause in equity, so in this the question which is to be decided and upon the decision of which hinges the right of plaintiff to a decree depends upon the pleadings: Thompson's App., 126 Pa. 367; Penna. Schuylkill Val. R. R. v. Philadelphia & Reading R. R., 160 Pa. 277; Finletter v. Appleton, 195 Pa. 340; Luther v. Luther, 216 Pa. 1; Rittenhouse v. Newhard, 232 Pa. 433. The plaintiff's bill alleges as the ground of the relief sought, and the defendant's answer denies, that the gift in Maria G. Hollis's will to defendant of three-fifths of her estate "absolutely" was made and accepted subject to a trust that he would so hold and manage the same that it should enure in equal parts to the benefit of the children in this country. That the trust referred to, if any there was, was created orally is beyond question.

A trust orally annexed by a testator to a bequest or devise absolute in form, and accepted by the legatee or devisee at the time when the provision was made (or by his assent given prior to and continuing at that time) either expressly or by words or acts of encouragement, or by silent acquiescence, may be enforced in equity, because a refusal to perform the trust under such circumstances is a fraud. The doctrine and its limitations, firmly settled in the jurisprudence of this State, are illustrated by a uniform line of decisions, as the principal ones among which may be cited Hoge v. Hoge, 1 Watts 163; Jones v. McKee, 3 Pa. 496; Irwin v. Irwin, 34 Pa. 525; Church & Wife v. Ruland & Wife, 64 Pa. 432; Schultz's App., 80 Pa. 396; Brooke's App., 109 Pa. 188; Hodnett's Est., 154 Pa. 485; Hoffner's Est., 161 Pa. 331; McAuley's Est., 184 Pa. 124; McCloskey v. McCloskey, 205 Pa. 491; Washington's Est., 220 Pa. 204; Flood v. Ryan, 220 Pa. 450; Blick v. Cockins, 234 Pa. 261. There is no difficulty about the rule. The single issue, under the pleadings, is whether the facts and evidence in the case bring it within that rule. If they do not, the plaintiff's bill could not be supported by proof (supposing there be any) of a trust or liability subsequently assumed by defendant on the footing of a contractual arrangement between the parties or a voluntary declaration of trust by defendant, even apart from any question of consideration to support such: see Long's App., Murphy's Est., 86 Pa. 196, 204; McCloskey v. McCloskey, 205 Pa. 491, 495.

It will be noted that the establishment of a trust as alleged in plaintiff's bill would practically set aside the provisions of the will concerning the division of the testatrix's residuary estate, not only as regards the defendant, but the other brother and sister as well, who are not parties to this proceeding,—that they would get more than the will gives them,—that the defendant, to whom the will gives more than to the others, would get less

than any of them,—and that the plaintiff, instead of a mere legacy of $500, would get that in addition to a share equal to that of his brother Thamos or his sister Despina, i. e., more than any of the others. But the improbability of the thing suggested by this result might not stand in the plaintiff's way if his case were otherwise made out by sufficient proof.

That proof must be "clear, precise and indubitable": Washington's Est., 220 Pa. 204, 205,—and of course, the burden of furnishing it rests upon the party asserting the trust. There is not a particle of evidence, nor an admission, of any communication between the testatrix and defendant, or of the exertion by him upon her of any influence, on the subject of her will or the disposition of her estate, nor of any expression by her while living of her purpose concerning either, nor of any promise by him to her, direct or indirect, express or implied, as to what he was to or would do with such part of the estate as should be left to him, nor of his presence at the execution of the will. There is positively nothing in the evidence to which plaintiff points beyond the letter of Nov. 29, 1912. That letter does not refer to any understanding between the defendant and the testatrix, or any wish or design on her part, concerning the defendant's enjoyment or application of the share left to him in the will. If it did that, (as the writings in Brooke's App., McAuley's Est. and Washington's Est., above cited did,) or if such an understanding, etc., were shown independently of the letter so as to raise a reasonable presumption of a connection between it and such understanding, etc., its effect might be different. But standing alone as it does, its interpretation as indicating the existence of a trust imposed by the testatrix and accepted by defendant can rest upon nothing but a mere guess, which is not permissible. Ignoring defendant's explanation of it, it may just as well be taken as an original voluntary declaration of trust, or as evidencing a

family arrangement since the testatrix's death. Neither the one nor the other of these, both being at variance with the right alleged in the plaintiff's bill, would serve his case or warrant a decree in his favor. The possibility, however, of the conflicting acceptations of its meaning makes the letter unavailable as proof of what plaintiff wants to show by it. An item of evidence equally calculated to prove one or two other things, inconsistent with the proposition contended for, cannot be made the basis of a finding affirming that proposition: Breuckman v. Twibill, 89 Pa. 58, 59; Mead v. Conroe, 113 Pa. 220, 228; Alexander v. Penna. Water Co., 201 Pa. 252, 256. No doubt, for the purposes of this case, and in the absence of anything to connect the letter with a promise by defendant to the testatrix, the most it can amount to is a noncontractual admission, which, on familiar principles: see 2 Whart. Ev., Sec. 1077, 3d Ed., is open to explanation and repudiation by the declarant. And in truth, looking at the whole of the letter, and especially in the light of its closing sentence, it seems that, even without defendant's explanation and a fortiori in view of it, it ought to be understood, not as an acknowledgment of a liability at all, but as an expression of a mere brotherly interest and good feeling,—a purpose to let plaintiff and Thamos and Despina share with him in the estate, beyond what the will gave them and to an extent equalizing them all. In other words, it furnishes no basis for inferring the existence of a legally or morally binding duty imposed by the testatrix and assumed by defendant. It may, to be sure, be conjectured that the testatrix, when she gave to defendant more than one-half of her estate, hoped and believed he would take an interest in the affairs of his brothers and sisters and in case of need assist them financially, and that with this thought and confidence she put him in a position to help them without crippling himself, if and when he might see occasion for doing so. His relations with

them in the past and his position as the oldest of them may possibly warrant such an assumption. But it is a long way from that to the creation of a trust: Schultz's App., 80 Pa. 396, 405; Hodnett's Est., O'Reilly's App., 154 Pa. 485, 490. Of the latter there is here no competent evidence, and that being the sole issue in the case, the plaintiff's bill must fail. It is hardly necessary to add that the question whether there is any or sufficient evidence to sustain plaintiff's position is one of law: see Fisher v. Scaharadin, 186 Pa. 565, 569, and therefore legitimately the subject of legal conclusion.

### III. CONCLUSIONS.

A. In order to be entitled to a decree in this case, it is incumbent upon the plaintiff to prove the allegation of his bill that the gift to defendant in Maria G. Hollis's will was made and accepted subject to the trust alleged in said bill.

B. The facts and evidence in the case are insufficient to support an inference of a trust such as the plaintiff's bill alleges as the basis of the decree sought against defendant.

C. The plaintiff's bill must be dismissed, with costs.

And now, Aug. 21, 1915, the prothonotary is directed to enter a decree nisi in accordance with the foregoing decision and forthwith to give notice of the same to the parties of their counsel of record, sec. reg.

Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*William Kerper Stevens,* with him *Joseph Hill Brinton,* for appellant.

*Jefferson Snyder,* of *Snyder and Zieber,* with him *C. W. Matten,* for appellee.

PER CURIAM, May 15, 1916:

This decree is affirmed, at the costs of the appellant, on the facts found by the learned chancellor below.