RHODA MYLES, PLAINTIFF-APPELLANT, v. EDWARD SUSSMAN AND ROBERT W. QUARLES, DEFENDANTS-APPELLEES.

Submitted January term, 1934—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff-appellant, *John W. McGeehan.*

For the defendants-appellees, *Pomerehne, Laible & Kautz* (*Henry Pomerehne,* of counsel).

PER CURIAM.

This is an appeal from a judgment of nonsuit of the Essex County Circuit Court in an action for personal injuries suffered by the plaintiff in being struck by a motor truck. The trial court based its judgment of nonsuit on the ground that the plaintiff "failed to make an adequate observation." These are the facts. Plaintiff, a passenger on a bus which was traveling northerly on Grove street in Montclair, New Jersey, alighted, when the bus stopped, at a cross street known as Tuxedo road. She passed in front of the bus, which was at a standstill, and proceeded over the crosswalk almost to the opposite side when the defendant's truck, traveling northerly, struck and injured her.

The court was of the opinion that the facts in this case were sufficiently similar to those in the case of *Branigan* v. *Demarest,* 109 *N. J. L.* 123; 160 *Atl. Rep.* 319, so as to make the ruling in that case dispositive of the issue here. We do not think so and consequently there will be a reversal.

In the Branigan case the pedestrian likewise passed in front of a standing bus and was struck by an automobile that came from behind and passed the bus on its left. In that case the plaintiff's view of vehicles coming from the left rear was obscured by the bus and it was manifest that there the plain- tiff made no effective observation to convince herself that there were no vehicles approaching. Here the situation was different. The plaintiff, Mrs. Myles, testified that from the observation made by her she could "see away down to the end of the next block," meaning the block to her left, which was the direction from which the defendants' truck came. On cross-examination, plaintiff was even more definite, re- peating that she could see "away down to the next block," and that she looked to the right and left. Manifestly, if she could see for a distance of a block in the direction from which the truck came, her vision could not have been obscured by the bus and the plain inference is that she was clear of the bus at the time of making this observation.

The only evidence upon which the negligence on the part of the defendants in the operation of the truck could be pre- dicated was that which described the truck as coming "very fast." It was within the province of the jury, if they be- lieved the testimony adduced for the plaintiff, viz., that Mrs. Myles looked to the left and right; saw no motor truck approaching within the distance of a block; that the truck approached very fast and ran the plaintiff down—to infer that the truck was negligently operated. Questions of negli- gence and contributory negligence are essentially fact ques- tions for the jury.

On motion for nonsuit the trial judge is bound to accept as true the plaintiff's evidence with all of the legitimate inferences that such evidence will support. The plaintiff's right to recovery is not barred because the plaintiff does not

see the automobile which strikes and causes injury since our cases and common experience recognize that reasonable use of the powers of observation may be made and yet the presence of an automobile not disclosed. *Puorro* v. *Salerno,* 109 *N. J. L.* 381; 162 *Atl. Rep.* 527.

The judgment will therefore be reversed and a *venire de novo* awarded.