## Custis, Appellant, *v.* Serrill et al.

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN and BARNES, JJ.

*Leo Belmont,* with him *Brown & Williams* and *A. Carson Simpson,* for appellant.

*Marshall A. Coyne,* with him *C. B. Wagoner, J. W. McWilliams* and *Charles S. Wesley,* of *Wesley, Wagoner, Troutman & McWilliams,* for appellees.

OPINION BY MR. JUSTICE MAXEY, March 23, 1936:

By an agreement made November 29, 1926, the Reading Company and the Baltimore and Ohio Railroad Company leased to Horace P. Serrill, for a term of twenty-five years, a cold storage warehouse building which the lessors were then constructing in connection with a joint

perishable products terminal in Philadelphia. A month later, as had been contemplated when the agreement was entered into, Serrill assigned the lease, with the consent of the lessors, to the Quaker City Cold Storage Company, a corporation of which he was the president and controlling stockholder. The plaintiff, Emerson C. Custis, claimed to be entitled, under an oral agreement with Serrill, to a one-half interest in the lease. Failing to secure recognition of his claim, he filed this bill in equity against Serrill and his company, for an accounting of the transaction between them and of the profits resulting from the lease, and for a decree ordering the defendant Serrill to convey or procure the conveyance to plaintiff of a one-half interest in the lease or in the defendant company. Preliminary objections to the bill, on the ground that plaintiff possessed an adequate remedy at law, were sustained, but on appeal to this court, the decree was reversed (*Custis v. Serrill,* 303 Pa. 267, 154 A. 487), and the cause remanded for further hearing. Each of the defendants then filed an answer on the merits, denying the existence of any oral contract with the plaintiff. After a hearing, the chancellor found the facts to be substantially as averred by defendants, and entered a decree nisi dismissing the bill. Overruling plaintiff's exceptions to this adjudication, the court below made absolute the decree. This appeal followed.

Plaintiff's claim is that in 1922 he and Serrill conceived the idea of filling the need for cold storage facilities in Philadelphia by the erection, in connection with one of the railroads entering the city, of a large warehouse for produce and other perishables, such warehouse to be leased to a company to be formed by them among the merchants interested in such a project. It was then agreed, plaintiff averred, that he and Serrill would share equally in the results of such an undertaking. After several years of effort, plaintiff claims that he succeeded in interesting the Baltimore and Ohio Railroad Company in the project, and, for the purpose of carrying on

further negotiations, introduced Serrill, an experienced cold storage man, to the officers of the company. Notwithstanding the agreement between them, Serrill fraudulently appropriated the lease which resulted from these negotiations, and assigned it to his own company, which in a prospectus issued to obtain funds for the financing of the venture valued the lease at $500,000.

At the hearing plaintiff and his witnesses testified to facts which, if credited, support his claim. Defendants and their witnesses, on the other hand, testified that no such agreement ever existed between Serrill and the plaintiff, that the latter's sole interest in the project was as a real estate agent seeking to obtain commissions by acting for the railroad in acquiring the necessary land for the new terminal, and that for his services in this matter he has been fully paid by the Baltimore and Ohio Railroad Company. The learned chancellor, whose findings were affirmed by the court in banc, accepted defendant's story, and made findings accordingly. The decision turned on the question as to whose testimony would be accepted. The rule is long established that the findings of a chancellor, when affirmed by the court in banc, have the force and effect of a jury's verdict, and, ordinarily, will not be disturbed on appeal: *Glenn v. Trees,* 276 Pa. 165, 120 A. 109; *Belmont Lab., Inc., v. Heist,* 300 Pa. 542, 151 A. 15; *Catalano's Est.,* 309 Pa. 249, 163 A. 527; *Barnes Foundation v. Keely,* 314 Pa. 112, 171 A. 267; *Stern v. Gorson,* 315 Pa. 315, 172 A. 720. Plaintiff cites the principle that before this rule may be applied, the evidence to support the findings must be sufficient, and that the chancellor's inferences or conclusions drawn from the facts are always open for review: *Hamilton v. Fay,* 283 Pa. 175, 128 A. 837; *Lineaweaver's Est.,* 284 Pa. 384, 131 A. 378; *Jefferson & Indiana Coal Co. v. Marks,* 287 Pa. 171, 178, 134 A. 430. This does not avail plaintiff, for the evidence is sufficient to support the chancellor's findings. The question is not whether we, as hearing judges, would have reached the

same conclusion, but whether the evidence may fairly be said to support the conclusion of the judge who saw and heard the witnesses. We have carefully read and examined the entire record and, while we cannot agree with either side that the weight of the evidence was so completely in accord with their respective contentions that a finding to the contrary would be legally insupportable, the record discloses evidence ample to sustain the findings of the chancellor. The decree must therefore be affirmed.

Counsel for plaintiff makes other contentions but as these are based upon facts contrary to those found they need not be considered.

Decree affirmed, costs to be paid by appellant.