**VAN SCIVER v. ROTHENSIES, Collector of Internal Revenue.**

**No. 937.**

District Court, E. D. Pennsylvania.
Jan. 20, 1941.

George Pownall Orr, Madison S. Du-Bois, and Orr, Hall & Williams, all of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Paul F. Mickey, Sp. Assts. to the Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Jr., and Thomas J. Curtin, Asst. U. S. Attys., all of Philadelphia, Pa., for defendant.

BARD, District Judge.

The plaintiff has instituted this action to recover $3,661.15, together with interest thereon from October 15, 1938, which amount was the tax on a profit of $12,979.07 realized on the sale of certain securities during the year 1935. The defendant included this amount in the plaintiff's taxable income for that year. It is the plaintiff's contention that this was unwarranted, that no profit accrued to him, because he held the securities in trust for his son, Earl J. Van Sciver.

The parties have agreed that the sole question is whether the defendant wrongfully included the $12,979.07 in the plaintiff's taxable income, and that, in the event such was wrongful, the plaintiff is entitled to judgment in the sum of $3,661.15, together with legal interest thereon from October 15, 1938.

Upon the bases of the stipulation of counsel and evidence adduced at trial, I make the following special findings of fact:

1. The plaintiff is a citizen of the United States and was a resident of Philadelphia, Pennsylvania, for the year 1935.

2. The defendant was during the time in question and still is Collector of Internal Revenue for the First District of Pennsylvania.

3. The plaintiff's son, Earl J. Van Sciver, had a loan at the Provident Trust Company, in the City of Philadelphia, secured by certain collateral which, prior to November, 1933, had become insufficient, and plaintiff loaned to his son certain securities to meet marginal requirements.

4. On or about November 1, 1933, the son's account again became under-margined and the Provident Trust Company notified him that additional collateral was required, but no additional collateral was presented.

5. The plaintiff bought in the securities when they were sold by the Provident Trust Company on November 1, 1933, to satisfy the account.

6. The plaintiff went to Arizona for his health shortly thereafter, without telling the accountant who kept account of his financial affairs of any change in his affairs.

7. On September 26, 1934, an entry was made by the accountant, after a conversation with the plaintiff, that the bonds were to be held or sold for Earl J. Van Sciver, any profit or loss was to be charged to him, interest on the bonds was to be retained by George D. Van Sciver as interest on the money invested, and the bonds were to be transferred to a separate Earl J. Van Sciver bond account. It was entered as the Earl J. Van Sciver bond account.

8. The son was accorded the right to manage the securities while they were in the plaintiff's control.

9. The plaintiff's son did manage the account, buying and selling into and out of it.

10. The plaintiff filed a fiduciary return for the tax year 1934, showing the profit on the account as belonging to the son.

11. The plaintiff included in his personal tax return the interest income from the securities.

12. Gains on the sales of securities were included by the plaintiff's son in the son's tax return.

13. A profit of $12,979.07 was realized in 1935 by the sale of some of the securities.

14. The Earl J. Van Sciver bond account on plaintiff's books was closed in December, 1935. After reimbursing himself for the money he had advanced, including the balance due him on the securities loaned, the plaintiff turned over the balance to the son.

15. The defendant included the above $12,979.07 profit in the taxable income of the plaintiff for the year 1935, made an assessment thereon, and collected the tax assessed.

16. The plaintiff claimed a loss for the year 1933 upon the sale of one group of the securities which it is alleged were being held in trust for the son.

17. The accountant under whom the above entry was made had charge of the preparation of the tax returns of both the plaintiff and his son.

18. The income tax returns of the son indicate losses great enough to absorb the profits realized on these particular securities during the period.

19. The income tax returns of the plaintiff show substantial taxable income for the period.

20. The plaintiff's claim for refund was rejected.

### Discussion.

It is conceded by the parties that the profit of $12,979.07, realized on the sale of securities, was improperly included by the defendant if there was an irrevocable trust created by the plaintiff. The government cites Section 166 of the Revenue Act of May 10, 1934, ch. 277, 48 Stat. 729, 26 U.S.C.A. Int.Rev.Code, § 166, to the effect that its collector's action was proper in the absence of an irrevocable trust. The plaintiff contends that an irrevocable trust was created.

All the transactions concerning the alleged trust took place in Pennsylvania. The law of Pennsylvania is therefore determinative. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

It is the Pennsylvania rule that one asserting a parol trust in personalty has the burden to establish it by evidence that is clear, precise and indubitable, Rocks et al. v. Sheppard, 302 Pa. 46, 152 A. 754; or clear, precise and unequivocal, as other courts have stated the proposition. Washington's Estate, 220 Pa. 204, 69 A. 747; Tuttle's Estate, 132 Pa.Super. 356, 200 A. 921. Because the facts alleged and proved do not disclose with certainty a trust, but do warrant more than a cursory dismissal as insufficient, I deem it proper to investigate the practical or working definition accorded this rule. Of course, it is elementary that an expression of a mere intention or agreement to create a trust, without more, is insufficient, Smith's Estate, 144 Pa. 428, 22 A. 916, 27 Am.St.Rep. 641, and that voluntary parol trusts will not be created by the courts but will only be enforced. Dougherty v. Shillingsburg, 175 Pa. 56, 34 A. 349.

A review of the cases supports the conclusion that the phrases "clear, precise and indubitable" and "clear, precise and unequivocal" must be accorded their reasonably apparent meaning. See Washington's Estate, supra; Hollis v. Hollis, 254 Pa. 90, 98 A. 789; Rocks et al. v. Sheppard, supra; Tuttle's Estate, supra. A further refinement indicated in the cases, if not logically to be inferred from the statements above, exists in the correlative rule that circumstances patently inconsistent with the existence of a trust will refute separate evidence clearly indicating existence of a trust.

Turning then to the instant circumstances, it must be concluded that no trust was created. It is true, and the defendant so concedes, that there are facts tending strongly to substantiate the claim that a trust was created. More particularly, it is evident there was an agreement of some form that the securities should be retained by the plaintiff for a certain period, that the plaintiff's son was to have dominion of the securities for the purpose of managing them, that the plaintiff's accounts reflect the fact that profits and losses on sales were to be the son's, that the son reported in his tax return gains on sales, that the plaintiff reported the interest as part of his income, that the plaintiff filed a fiduciary return for the years 1934 and 1935 in which profits realized in dealings with the securities were reported as income to the trust, that the plaintiff's accounts reflect the fact of an arrangement, that the securities eventually were transferred altogether to the son. All of the above are

580

consistent with the contention that a trust was created.

■ However, without regard to the existence of circumstances inconsistent with a trust, can it be said that the evidence above is unequivocally demonstrative of a trust—that it supports only a conclusion that a trust was created by the plaintiff? If not, it cannot be made basis of a finding of a trust. Hollis v. Hollis, supra. Upon the basis of the accountant's entries, the earliest altogether acceptable evidence of the nature of the transaction, it would be as reasonable to conclude merely that the securities were set aside to afford the son an opportunity to exercise an option to recoup the loss suffered by the acceleration of the call date of his loan, as to conclude that a trust was created. Or, it might be concluded that the son was to repay his father for the latter's assistance through realization of profits on the sale of securities rather than by payments of cash. Also, it is as consistent with a gift to be made in future as with a present trust. Further, it is as consistent with an option to purchase as with a trust.

In respect to the alleged fact of creation of a trust, the established facts must also be investigated to determine whether there are any which are so inconsistent with creation of a trust as to prevent the sum of the evidence from being clearly, precisely and unequivocally or indubitably indicative of a trust. It is urged by the defendant there are such inconsistent facts. As found, the plaintiff reported a loss on the sale of one group of the securities after the time of the alleged creation of the trust. This is not justified or explained by the fact that the person who prepared the return was, at the time, unaware of the agreement between the plaintiff and his son, since the plaintiff signed and swore to the truth of the return. The fact that the agreement was not reduced to writing can be explained by reference to the blood relationship between the parties, which may well have been deemed to remove the normal wisdom of writing. But, the plaintiff's failure to have the alleged transaction noted, at the time, on the books kept by his accountant, cannot be elucidated with the same facility, particularly since the accountant took active dominion over the plaintiff's affairs when the plaintiff left the city. Furthermore, it is of significance, tho no inference of impropriety is intended, that the tax returns of both father and son were prepared by the accountant who managed the plaintiff's affairs, so that the former was in a position to take advantage of opportunities to incorporate losses or gains where they would operate to the best mutual advantage.

Conclusions of Law.

■ 1. The plaintiff is not entitled, on the basis that an irrevocable trust was created in the securities, to have a refund of the tax assessed on profits realized upon the sale of certain securities held by the plaintiff during the year 1935.

2. The defendant is entitled to judgment.

So ordered.