## Mann *v.* Mann, Appellant.

Argued November 20, 1956. Before JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Colbert C. McClain,* for appellants.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellee.

OPINION BY MR. JUSTICE JONES, December 29, 1956:
This is an appeal from a final decree in an equity suit instituted by the plaintiff against his estranged (later divorced) wife and her parents to obtain the money value or return of certain personal property (principally furniture and personal effects) which the plaintiff averred that the defendants, acting in concert, had removed from the matrimonial domicil of himself and wife. The complaint also prayed for an accounting of certain funds which had been removed by the estranged wife from a joint bank account of herself and husband. The defendants, in a joint answer, denied knowledge of the whereabouts or the disposition of the plaintiff's personal effects and asserted title in the wife to most of the furniture and household furnishings. The defendants also contended that the fund in controversy was their sole property—a part of it representing a conditional gift by the wife's parents to the plaintiff and his spouse (the condition whereof failed of fulfillment) and a part representing the estranged wife's share of property owned jointly by her and her husband.

After a hearing, the chancellor, on motion, entered a preliminary injunction impounding all of the contested property which was in the defendants' posses-

sion. At the hearing on the merits of the complaint and answer, the testimony adduced was irreconcilably conflicting with the necessary result that almost all of the chancellor's findings of fact embody an exercise of his power to pass upon the credibility of the witnesses and to determine the operative facts accordingly. In most instances the chancellor resolved the issue of credibility in favor of the plaintiff and against the defendants. In the adjudication and decree nisi, which ultimately became the final decree, the chancellor held that all of the household furnishings were owned by the plaintiff and his wife by the entireties and were, therefore, to be divided equally between them and that the fund in question represented gifts to either one or the other or both the plaintiff and his wife which, by being deposited by them in the joint account, also became entireties property. As the plaintiff had received a portion of the fund in bank prior to the separation from his wife, he was charged therewith by the chancellor who divided the residue equally between the plaintiff and his wife.

The chancellor also held that the plaintiff's personal effects, which had been taken by the defendants, were to be returned to the plaintiff or their value paid to him and that certain specified wedding gifts or their value should be divided equally between the plaintiff and his wife. As the proofs of the value of the property in controversy were too meager to support a judicial appraisal thereof, the chancellor decreed that the parties should, within thirty days, arrive at an equitable division of the property in conformity with the decree and that, failing their so doing, the court would appoint a master to determine the values and to effect the division decreed. The court en banc dismissed the defendants' exceptions to the adjudication and decree

nisi. From the final decree entered, the defendants took this appeal.

The appellants assign for error eight separate matters, six of which involve disputed issues of fact which the chancellor found against the defendants on sufficient evidence. The questions of law which the appellants thus present are not germane to the proceeding in view of the long-established and oft-repeated rule that the findings of a chancellor, confirmed by the court en banc, have the weight of a jury's verdict and will not be disturbed on appeal, there being evidence to support them: see, e.g., *Kane v. D'Orazio*, 380 Pa. 358, 359, 110 A. 2d 249; *Fine v. Fine*, 366 Pa. 227, 229, 77 A. 2d 436; *Custis v. Serrill*, 321 Pa. 154, 156, 183 A. 774; *Stern v. Gorson*, 315 Pa. 315, 318, 172 A. 720; *Barnes Foundation v. Keely*, 314 Pa. 112, 116, 171 A. 267; and *Catalano's Estate*, 309 Pa. 249, 250, 163 A. 527.

The two remaining assignments are correlative facets of the same proposition. In the one instance, the appellants protest what they mistakenly assert was the lower court's holding, in reliance on the Act of June 22, 1935, P. L. 450, 48 PS §175, that their contention to the effect that the furniture in dispute was consideration from the plaintiff-husband's mother to his prospective wife to induce her marriage to the plaintiff was against public policy. Their further contention is that, if the foregoing is so, then the reasoning should likewise be applied to the money gift from the wife's father. It is sufficient to point out here that the statement by the court below, whereof the appellants complain, was non-decisional. It was but recitative of a contention which the plaintiff was advancing.

There is considerable confusion in the testimony as to whether the plaintiff's wife claimed the furniture

in question by virtue of a contract or a conditional gift. In any event, the clear holding of the chancellor is that, upon resolving the conflicting testimony in the light of the whole record, the furniture and the money were found to be unconditional gifts to the plaintiff and his wife jointly and, therefore, a proper subject for the equal division decreed by the chancellor. In this, as in all other instances of disputed fact, the finding of the chancellor is supported by substantial evidence.

What was said in *Custis v. Serrill,* supra, is equally apposite here: "The question is not whether we, as hearing judges, would have reached the same conclusion, but whether the evidence may fairly be said to support the conclusion of the judge who saw and heard the witnesses. We have carefully read and examined the entire record and, while we cannot agree with either side that the weight of the evidence was so completely in accord with their respective contentions that a finding to the contrary would be legally insupportable, the record discloses evidence ample to sustain the findings of the chancellor. The decree must therefore be affirmed."

Decree affirmed at appellants' costs.