De Luca *v.* De Luca, Appellant.

Argued January 7, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Rames J. Bucci,* with him *Bucci & Bucci,* for appellant.

*Charles P. Mirarchi, Sr.,* with him *Mirarchi & Mirarchi,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 25, 1957:

This suit in equity between an estranged husband and wife involves a controversy growing out of their antenuptial agreement with respect to the ownership, after marriage, of their separate estates. Both parties had been married before, their spouses being dead, and each had children. At the time of their marriage on February 14, 1953, they were well along in years.

The findings of fact of the learned chancellor, which fully cover the issues, are supported by the evidence, were confirmed by the court en banc upon exceptions and therefore have the weight of a jury's verdict: see *Mann v. Mann,* 387 Pa. 230, 233, 127 A. 2d 666, and cases there cited. Obviously, no good purpose would be served in re-discussing the issues which were so adequately resolved by the court below; and the law pertinent to the findings was correctly applied as the following excerpts from the adjudication of the learned chancellor demonstrate.

"Plaintiff went to a great deal of effort to prove by his own testimony and that of his children and son-in-law that he and Defendant had made an oral prenuptial agreement that all the property of each of them should become the joint property of both. This in fact was done as to Plaintiff's savings account, to which was shortly added the proceeds of the sale of his house on Mole Street. This fund as so enlarged thereupon became an estate by the entirety: Leach's Estate, 282 Pa. 545 (1925), Berhalter v. Berhalter, 315 Pa. 225 (1934). Hence it could not be used for the exclusive benefit of one party without the consent of the other.

. . .

". . . the Margate house and the furniture bought with the balance in the joint bank account are subject to the use and enjoyment of both parties. If they cannot live together amicably and enjoy them together, the only alternative is to account for the property and divide the proceeds equally. Berhalter v. Berhalter, supra; Werle v. Werle, 332 Pa. 49 (1938); Wakefield v. Wakefield, 149 Pa. Super. 9 (1949); and Lindenfelser v. Lindenfelser, 383 Pa. 424 (1956). The question remains as to whether Defendant's Morris Street property was covered by the alleged prenuptial agreement. Should it be conveyed to the parties' joint names on the ground that equity will regard as done that which ought to be done?

. . .

"It is true that the Margate property is outside the jurisdiction of this Court and we therefore have no power to act upon it directly. Nevertheless, we do have jurisdiction over Defendant personally and can therefore order her to act or to refrain from acting with regard to such property: Schmaltz v. York Manufacturing Company, 204 Pa. 1 (1902); Cohn v. Weiss, 356 Pa. 78, 85-88 (1947)."

Decree affirmed; the costs to be borne equally by the parties.