### Roth Estate

*Joseph H. Resnick*, for contestant.

474

*Stephen J. Korn, Nathan L. Posner* and *Fox, Roths-child, O'Brien & Frankel,* for proponents.

KLEIN, P. J., January 2, 1959.—Serena Roth, also known as Serena Pataky, testatrix, divided her estate among her three daughters and four grandchildren. Her son, Andrew Pataky, who received no benefits under her will, has appealed from its probate. He contends in his petition that his mother "wrote a last will and testament shortly prior to her death, which said will contained an expression specifically cancelling the said prior will of November 14, 1953, which was probated with the Register of Wills on May 27, 1957."

The citation which was issued at his request, calling for a jury trial, was limited to the following single question of fact:

"1. Was the writing dated November 14, 1953, and which was admitted to probate May 27, 1957, revoked by the Decedent, Serena Roth"?

The learned hearing judge properly ruled that the evidence presented by contestant falls far short of the requirements for proving a lost will. He accordingly dismissed the appeal on this ground. At the argument before the court en banc, Mr. Resnick stated that he was abandoning his position with respect to the revocation of the probated will by the later lost will.

At the hearing before Judge Lefever, contestant presented a second line of attack on the will in addition to the averments with respect to the lost will. He maintained that his mother requested his sister, Pearl E. Pataky, who was unmarried and lived with decedent, and was the principal beneficiary under the will, to call a lawyer for the purpose of changing the will, and that his sister refused and deliberately and willfully evaded this request, as a result of which she holds the property under the will upon a constructive trust for contestant.

The hearing judge had no choice but to dismiss this line of attack upon the will. It could not properly be raised in the proceedings before him.

That the fraud of a legatee may result in the creation of a constructive trust is admittedly correct. In Danner v. Danner, 366 Pa. 178 (1950), the court said, at page 180:

"The gift or bequest of an absolute interest subject to an orally imposed condition has long been a subject of litigation in this Commonwealth. Out of the wealth of cases certain principles have become firmly established. It is clear that where a legacy is *induced* by the legatee's promise to hold it for the benefit of another or where the legatees' promise *induces* the testator not to change his will, a constructive trust will be erected: Hollis v. Hollis, 254 Pa. 90, 98 A. 789; Blick v. Cockins, 234 Pa. 261, 83 A. 196; Jones v. McKee, 3 Pa. 496. . . ."

Whether a constructive trust has been created, however, is a matter of distribution, not of probate. Such a contention should be presented at the audit of the executor's account. It has no place in devisavit vel non proceedings: McCloskey Estate, 6 D. & C. 2d 97, 107 (1956). But let us assume arguendo that the question of the existence of the parol trust was properly before the hearing judge. Contestant is immediately confronted with the inflexible and unbending rule of law that a claim that such a trust has been established cannot be sustained unless the testimony to support it is clear, precise and indubitable: Copeland's Estate, 313 Pa. 25 (1933); Rocks v. Sheppard, 302 Pa. 46 (1930); Washington's Estate, 220 Pa. 204 (1908). See also Danner v. Danner, supra; Williams Estate, 349 Pa. 568 (1944); Moffit v. Moffit, 340 Pa. 107 (1940).

Our study of this record makes it evident that contestant has failed completely to meet the burden which

would be his under the law to prove his contention. His keen disappointment is obviously the impetus which impelled him to embark upon this litigation. His testimony, as well as that of the witnesses called by him in support of his contention, is vague and illusory. His case is based entirely upon conjecture and suspicion which can never be used as a substitute for facts: Rosenthal's Estate, 339 Pa. 488 (1940) ; Conley Estate, 14 D. & C. 2d 685 (1958). Any effort on his part to pursue his claim further at the audit, or in any other proceedings, with the quality of proof he has produced, would be a sheer waste of time and effort.

The exceptions are accordingly all dismissed and the record is remitted to the register of wills.