## Western Pennsylvania National Bank, Appellant, v. Bradish.

Argued November 18, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, WATKINS, and MONT-GOMERY, JJ. (ERVIN, J., absent).

*Myron W. Lamproplos*, with him *Richard A. Harwick*, and *Cassidy & Lamproplos*, for appellant.

*Melvin B. Bassi*, with him *Edgar P. Herrington*, for appellee.

OPINION BY GUNTHER, J., December 14, 1960:

This appeal is from the decree of the Court of Common Pleas of Westmoreland County in which the court refused to impress an equitable lien on a certain piece of property.

On January 14, 1958, appellant, Western Pennsylvania National Bank, filed a complaint in equity against Virginia Bradish, seeking to impress a certain tract of land owned by her with an equitable lien in

favor of said bank in the sum of $3,500.00. At the hearing, the testimony of appellant disclosed that on February 15, 1954, Andrew Bradish, Jr., entered into a written agreement with Irene E. Gibson, attorney in fact for W. R. Scales et ux., for the sale of a certain tract of real estate situate in Rostraver Township, Westmoreland County. Said agreement of sale was duly recorded. Possession was taken under this agreement and the date of final consummation of the sale was left open with certain conditions not material to the disposition of this appeal. On July 14, 1956, on a Saturday morning, Andrew Bradish, Jr., applied to Thomas Malpass, Jr., manager of the Belle Vernon office of appellant bank, for a loan in the sum of $3,500.00 to close out the sale transaction hereinabove referred to. The bank made the loan to him on the same morning and took back as security a judgment note in the same amount executed by Andrew Bradish, Jr. alone.

The same day, Andrew Bradish, Jr., used the money to purchase the real estate from Irene E. Gibson, attorney in fact, title to which was taken in his name and that of his wife, Virginia Bradish. On July 16, 1956, the deed was duly recorded. On July 17, 1956, Andrew Bradish, Jr., was killed in an accident, leaving to survive him his widow, Virginia Bradish. The judgment note was not recorded until July 19, 1956.

The estate of Andrew Bradish, Jr., possessed assets in the appraised valuation of $9,127.69. Claim was made by the bank against the estate for $3,500.00 together with interest, and another claim was made for $4,200.00 due on a mortgage executed by deceased in November, 1955 on another piece of property. These payments were not made at the time of trial.

Two questions are raised for our consideration: (1) Is the bank entitled to an equitable lien against the real estate purchased with the proceeds of the

loan? (2) Should the testimony of the bank's officer have been excluded under section 5(e) of the Act of 1887, P. L. 158, 28 P.S. section 322? We shall consider the second question first.

The testimony of Thomas Malpass, Jr., disclosed that he was a stockholder, officer and director of appellant bank. Appellee contends that the interest of Malpass is adverse because he is seeking to enforce an obligation of the deceased against a person to whom the interest of the premises in question has passed and who represents the decedent's interest. While this may be true in the ordinary sense, we do not believe it has application in the instant case. Title to this property vested as an estate by entireties and upon the death of one, the survivor took nothing. Each one was seized of the entire estate in fee and upon the death of one spouse, the other took no new estate. As stated in *Beihl v. Martin,* 236 Pa. 519, 523, 84 A. 953, "It is a mere change in the properties of the legal person holding and not an alteration in the estate holden. The loss of an adjunct merely reduces the legal personage holding the estate to an individuality identical with the natural person." See also *Berhalter v. Berhalter et al.,* 315 Pa. 225, 173 A. 172. Since the estate was not a party on the record and since the estate was not interested in the immediate result of the action, the requirements of the Act of 1887 are not present and Malpass became a competent witness. *Gritz v. Gritz et al.,* 336 Pa. 161, 163, 7 A. 2d 1; *Security Trust Company v. Feist, Admrx. et al.,* 333 Pa. 536, 543, 5 A. 2d 119.

Appellant's case to impose an equitable lien on the property in question rested on the testimony of one witness. Malpass testified that on the morning of July 14, 1956, when Bradish asked him for the money, he gave it to him by cashier's check. He further testified that Bradish told him he needed the money to pay for

the real estate he was about to close; that Malpass knew that the agreement was recorded; that he knew where this closing was to take place; that he knew the attorney or law office handling the transaction but that he did not notify the attorney handling the transaction that the note would be considered a lien on the property transferred; that he relied on the security of the real estate in making the loan to Bradish and so informed him at the time; that Bradish stated he was going to take title in accordance with the agreement of sale—in his own name. Malpass also testified that Bradish told him the deed would be recorded as soon as convenient. He had known Bradish for five or six years and he had been a customer of the bank for a period of about four years and that during this time, Bradish had obtained loans four or five times but that a mortgage was given only once. The other transactions were handled by promissory notes. He further testified that it was the policy of the bank that any time an amount over $2,000.00 was borrowed, the bank required a financial statement or entered a lien against the real estate if it were given as security. In this case, however, no title examination was requested because he felt the bank's interest would be protected by the attorney handling the transaction.

It is interesting to note that in connection with the mortgage transaction made in 1955, the appellant bank made a loan of $5,200.00. While we do not have the valuation of the property at that time, it must have been over and above the mortgage granted. Yet a year later, this witness testified that this property had a fair market value of only $2,800.00 on which there was a mortgage balance due of $4,200.00.

From this evidence the court concluded that at the time the loan was granted improper banking procedures were followed, and that the answers given by appellant were not convincing. It further concluded

that there was no intention on the part of the bank to impress the lien of the judgment note signed by Bradish on the property here involved. Thus, for example, although the deed was recorded on July 16, 1956, the note was not recorded until July 19, 1956 and no explanation whatever was offered for the delay. While the delay in entering up the judgment note did not affect the lien involved, it does illustrate the loose practice of banking procedure followed.

The credibility of this witness was for the court below. It is well established that a chancellor's findings of fact, approved by a court en banc, have the force and effect of a jury's verdict if they are supported by adequate evidence and, ordinarily will not be disturbed on appeal. *Gagnon v. Speback,* 389 Pa. 17, 20, 131 A. 2d 619; *Mann v. Mann,* 387 Pa. 230, 233, 127 A. 2d 666; *Barrett v. Heiner,* 367 Pa. 510, 515, 80 A. 2d 729. While this rule has exceptions, these exceptions are based on a failure of the facts to support the findings or on erroneous inferences drawn from the facts.

In order to seek the enforcement of an equitable lien under the circumstances here presented, the evidence must be clear, precise and indubitable as to the intention of the parties. We agree with the court below that the evidence offered lacks the clearness and sincerity upon which the equitable doctrine of a lien may be applied. These proceedings were commenced only after a claim for the sum in question has been made upon the estate and when it was discovered that payment in full might not be realized on the note. In connection with this claim against the estate, the evidence discloses that the estate, without the claim is not insolvent but becomes so if the full amount of the note be paid off.

Appellant knew how to obtain a valid lien against the real estate here involved. It has done so in the

past and its negligent practice cannot be made the basis of an equitable lien. *McGary v. Lewis*, 384 Pa. 173, 119 A. 2d 497. We find no abuse of discretion on the part of the court below.

Decree affirmed.

WOODSIDE and MONTGOMERY, JJ., dissent.