448 A.2d 100

**William A. HOZA, Appellant,**

**v.**

**Thomas E. HOZA and Thomas Turnbull.**

Superior Court of Pennsylvania.

Submitted Oct. 27, 1981.

Filed July 16, 1982.

James J. Ahearn, Ligonier, for appellant.

David B. Freeman, Ligonier, for appellees.

Before SPAETH, HESTER and WATKINS, JJ.

PER CURIAM:

Presently before the court is the appeal of William A. Hoza from the order of the lower court, dated September 3, 1980, wherein the preliminary objections of appellee, Thomas Turnbull, were sustained and appellant's complaint against Turnbull dismissed.[1]

---

1. Thereafter appellant filed an application for reconsideration, which was granted by the court. However, on January 13, 1981, the lower court en banc again denied appellant leave to amend his complaint.

For the reason that we feel that the lower court abused its discretion in failing to grant appellant leave to amend his complaint, we reverse and remand.

On October 12, 1979, appellant and Thomas E. Hoza entered into an agreement which provided:

This agreement made the 12th day of October, 1979 by and between Thomas E. Hoza and William A. Hoza.

WHEREAS the parties hereto previously entered into an agreement dated August 13, 1971 concerning their respective interest in and rights with respect to a bar business known as Hoza's Bar in Ligonier, Pennsylvania and:

WHEREAS the parties now contemplate the sale of that business and wish to establish and determine their respective rights to the proceeds of that contemplated sale:

IT IS THEREFORE AGREED AS FOLLOWS:

1. Thomas E. Hoza shall have the right to sell, transfer and assign the liquor license with respect to the operation of Hoza's Bar now held in his name, and the equipment, inventory and other assets of that bar business, upon terms he considers reasonable and appropriate provided however that such sale results in net cash proceeds of at least $15,000 and provided Thomas E. Hoza keeps William A. Hoza fully informed of all significant developments concerning sales negotiations, particularly the time and place of anticipated closing, and the agreed selling price.

2. Thomas E. Hoza shall, immediately upon the closing of the sale of the bar business, pay to William A. Hoza the sum of $15,000 which William A. Hoza shall accept as payment in full for all of his right and interest in said bar business whether resulting from the terms of the agreement of August 13, 1971, from the terms of this agreement or otherwise. Thomas E. Hoza shall have exclusive right to all sales proceeds in excess of $15,000.

3. Should Thomas E. Hoza fail to discharge the obligations imposed upon him by the terms of this agreement, he will be obligated to pay William A. Hoza the additional

sum of $5,000 as liquidated damages, and not as a penalty, plus the reasonable attorney's fees and other costs William A. Hoza may become obligated to incur in order to enforce the terms of this agreement.

IN WITNESS WHEREOF, the parties hereto do execute these presents

/s/   Thomas E. Hoza
Thomas E. Hoza
/s/   William A. Hoza
William A. Hoza

On February 11, 1980, Thomas E. Hoza entered into an agreement for the sale of Hoza's Bar to the appellee, Thomas Turnbull, with the agreed purchase price allegedly placed in escrow. Between that date and the closing which was held on March 27, 1980, appellant sent to the appellee, through his counsel, a copy of the October 12, 1979 Agreement. Despite receipt of a copy of said Agreement, on March 27, 1980, following liquor license transfer approval by the Commonwealth, appellee released all previously escrowed monies to his vendor, Thomas E. Hoza.

On March 31, 1980 (*four days following the closing of the sale of Hoza's Bar*), appellant filed the instant action in assumpsit against Thomas E. Hoza and the appellee, wherein appellant alleges:

8. Plaintiff has been informed that defendant, THOMAS TURNBULL has signed an agreement to purchase HOZA'S BAR, the subject of the Agreement, and that said defendant, THOMAS TURNBULL plans to conclude the purchase of HOZA'S BAR without acting so as to protect the interest of the plaintiff herein, despite the fact that he has received a copy of the Agreement, in the fixtures and equipment of said business or to otherwise assure the performance by THOMAS E. HOZA of the obligations assumed by him pursuant to the Agreement.

WHEREFORE, plaintiff claims that defendant, THOMAS E. HOZA is indebted to him for the sum of $17,500 with interest thereon at the legal rate plus reasonable

attorney fees and court costs, for which plaintiff demands judgment against defendant, THOMAS E. HOZA; and,

WHEREFORE, plaintiff demands judgment ordering defendant, THOMAS TURNBULL to withhold from payment at the contemplated closing of the sale of HOZA'S BAR the sum of $17,500 to assure payment of the monies owing to plaintiff and to place such monies in an escrow account pending final disposition of the present complaint.

DATED:

Following service, appellee filed two preliminary objections to appellant's complaint; a demurrer, alleging that appellant failed to state the cause of action upon which relief may be granted; and second, a motion to strike because of lack of conformity to law inasmuch as appellant's complaint is identified as "in assumpsit" whereas appellant's request sought injunctive or equitable relief.[2]

Although concluding that appellee's motion to strike was rendered moot by the fact that the escrowed funds had already been distributed, the court in what can only be characterized as *obiter dictum*, observed that appellee was correct in asserting that a party cannot obtain "equitable relief" (the only type of relief sought by the appellant against appellee) through the vehicle of a complaint in assumpsit. Thereafter, the lower court sustained appellee's demurrer and dismissed appellant's complaint against the appellee, notwithstanding its observation that:

"Interestingly enough, the (appellant's) complaint seeks nothing more from the (appellee) Turnbull, other than the injunctive relief. The complaint prays for money damages from the defendant, Thomas E. Hoza, and sought to enjoin Thomas Turnbull from distributing the escrowed funds. Having determined that the prayer for injunctive relief has been improperly brought and should be stricken from the complaint, the only claim for damages left in the complaint is that against the defendant, Thomas E. Hoza, upon which a default judgment has already been entered.

**2.** Appellant obtained a default judgment against Thomas E. Hoza. The said Thomas E. Hoza is not a party to the instant appeal.

Since the complaint makes no claim for money damages against the (appellee), Thomas Turnbull, the (appellee) Turnbull's demurrer must be sustained, even though the (appellee), Turnbull, *may have distributed the funds held in escrow in the face of an equitable lien on the part of the (appellant).* (Emphasis added).

Despite our awareness of appellant's election not to avail himself of Pa.R.C.P. 1028(c) following service of appellee's preliminary objections, we are still compelled to conclude that the lower court committed an abuse of discretion by its actions in denying appellant leave to amend his complaint against the appellee.

Pa.R.C.P. 126 provides:

Rule 126.   Liberal Construction and Application of Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. ·The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Adopted May 1, 1939, effective Nov. 6, 1939; amended and effective April 18, 1975.

■   We have on numerous occasions found that the right to amend a pleading should not be withheld when there is a reasonable possibility that amendment can be accomplished. In *Harkins v. Zamichieli*, 266 Pa.Super. 401, 405 A.2d 495, 499 (1979), we concluded that even when a complaint is deficient, amendment and not dismissal, is the appropriate remedy.   If a demurrer is sustained, "the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully". *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 393 A.2d 450 (1978), vacating 241 Super.Ct. 423, 361 A.2d 815.   See also 2 Goodrich Amram, Section 1028(e).

■   Despite appellant's error in improperly designating the nature or type of action brought and his failure alternatively to request monetary damages against the appellee, we

are constrained to conclude that no prejudice inured to the appellee as a result of either procedural defect.

The gravamen of appellant's complaint against the appellee is that the appellee breached a duty owing him (the appellant) when he (the appellee) distributed the sale proceeds previously escrowed directly to Thomas E. Hoza.

Although inartfully pleaded, (to a great extent we surmise because appellant did not know that the closing took place four (4) days prior to his filing of this suit) we observe that there is a reasonable possibility that, if permitted to amend, appellant *may* state a cause of action in equity against the appellee upon which relief *may* be granted.

We believe that the appellant is entitled to amend his complaint in an effort to seek the imposition of an equitable lien (or for that matter to seek any other remedy he deems appropriate) against the appellee based upon the set of operative facts originally pleaded.

To establish a right to an equitable lien, the evidence " . . . must be clear, precise and indubitable as to the intention of the parties." *Western Pennsylvania National Bank v. Bradish*, 194 Pa.Super. 126, 166 A.2d 104, 107 (1960). In order for an equitable lien to arise, there must be an obligation owing by one person to another, a *res* to which that obligation attaches, and an intent by all parties that the property serve as security for the payment of the obligation. The potential lienor must satisfy the Chancellor that in equity and good conscience he is entitled to a lien.

Finally, the applicability of 47 P.S. § 4–404 and Title 40 Pa.Code § 7.2; Pa. Liquor Control Board Regulations, dealing with the distribution of escrowed funds used for the purchase of a liquor license may be raised by the appellee as an (affirmative) defense. However, same is not a demurrable issue and was raised prematurely and improperly evaluated and considered by the court below.

Order reversed and case remanded to the lower court with instructions to permit appellant to amend its complaint.

Order reversed and remanded.

SPAETH, J., concurs in the result.