# Mansour v. Gnaden Huetten Memorial Hospital

*Aaron J. Freiwald,* for plaintiffs.

*James A. Doherty Jr., Patrick C. Carey, John R. Hill, Timothy J. Holland, Laura J. Herzog, Frederick J. Stellato* and *Cathleen Kelly,* for defendants.

CHESLOCK, *J.,* December 28, 2007—This matter is before the court on several defendants' preliminary objections to plaintiffs' second amended complaint. On June 19, 2007, plaintiffs Taghreed Samir Mansour by Fawzia Mansour and Ahmed Mansour filed a complaint alleging medical negligence against Gnaden Huetten Memorial Hospital, Harold Pascal M.D., Ilan Levinson M.D., Salisbury House of Northeast PA, Reena Mathew M.D. now by stipulation Reena Andrews, Marc M. Kueler M.D. and Charles Cohan D.O. Thereafter, on August 20, 2007, plaintiffs filed first amended complaint and on September 21, 2007, plaintiffs filed a second amended complaint. On September 26, 2007, Gnaden filed preliminary objections to the second amended complaint; Dr. Kueler filed preliminary objections to plaintiffs' second amended complaint on October 3, 2007; Dr.

Levinson filed preliminary objections to plaintiffs' second amended complaint on October 5, 2007; Salisbury filed preliminary objections to plaintiffs' second amended complaint on October 5, 2007; and on October 9, 2007, Dr. Cohan filed preliminary objections to plaintiffs' second amended complaint. The court heard oral arguments on all of these matters on November 5, 2007. We are now prepared to dispose of this matter.

Due to the volume of the preliminary objections which were filed, we will take each preliminary objection in the order in which it was filed by each defendant.

The Pennsylvania Rules of Civil Procedure provide as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . .

"(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) insufficient specificity in a pleading; . . .

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may not be inconsistent. Two or more preliminary objections may be raised in one pleading." Pa.R.C.P. 1028(a)(3), (b)

## PRELIMINARY OBJECTIONS OF GNADEN

Gnaden filed preliminary objections in the nature of a motion to strike paragraph 17 of plaintiffs' second amended complaint claiming that it is insufficiently specific and should be stricken. Paragraph 17 of plaintiff's second amended complaint states as follows:

"(17) At all relevant times, defendant GHMH acted through conduct of its employees, including but not limited to physicians, technicians, nurses and other staff who provided medical care and treatment to Taghreed Mansour, as identified in the medical records."

It is a function of a pleading to put the opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. See 2 Goodrich-Amram 2d, section 1019:2.1 (2001). Pa.R.C.P. 1019(a) requires a content of a pleading to set forth material facts on which the cause of action or defense is based in a concise and summary form. Allegations will withstand challenge under section 1019(a) where they contain averments as to all of the facts plaintiffs will have to prove to recover and disclose the sufficient specific facts to enable the adverse party to prepare his case. *Smith v. Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991); *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974). Moreover, courts do not require minute detail in the pleadings but rather allegations of fact, if proven, which will support recovery in the case.

Upon reviewing paragraph 17 of plaintiffs' second amended complaint, we believe that plaintiffs should have to identify the agent's name and/or their authority and how the tortious act of the agent falls within the scope of authority. As such we believe that Gnaden is entitled to know the identities as well as the authority of these agents. Although paragraph 17 refers to these agents as being identified in the medical records, we believe plaintiffs should specifically identify the agents and their authority within the body of the complaint. Accordingly, we will strike paragraph 17 and permit the plaintiffs to file a third amended complaint setting forth specifically

the agents and the scope of their authority authorized by Gnaden.

## PRELIMINARY OBJECTIONS OF DR. KUELER

Dr. Kueler has filed preliminary objections to plaintiffs' second amended complaint in the nature of a motion to strike paragraphs 57 and 89(a), (b) and (c) for lack of specificity. Dr. Kueler also filed preliminary objections in the nature of a demurrer or a motion to strike claims of flagrant and gross negligence. However, at oral argument plaintiff agreed to withdraw the punitive claim. Accordingly, we will address the sole remaining objection of Dr. Kueler in the nature of a motion to strike paragraphs 57 and 89(a), (b) and (c) of plaintiffs' second amended complaint.

Paragraph 57 of plaintiffs' second amended complaint reads as follows:

"Defendant's failure to treat and/or admit Taghreed Mansour to the hospital in light of her abnormal chemistry and her 'persistent symptoms' amounts to a flagrant, reckless and gross deviation from the ordinary standard of care. Instead of treating Taghreed Mansour, Drs. Cohan, Levinson and Mathews abandoned her and sent her home to die."

Dr. Kueler argues that the above allegation refers to the defendants generally and does not set forth specifically which defendant flagrantly, recklessly and grossly deviated from the ordinary standard of care. Accordingly, Dr. Kueler asks this court to strike paragraph 57. We agree.

Pennsylvania Rule of Civil Procedure 1019(a) requires that a complaint state "material facts" to support the cause

of action. "A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought." *Reynolds v. Thomas Jefferson University Hospital,* 450 Pa. Super. 327, 338, 676 A.2d 1205, 1210 (1996). (citations omitted) "The Pennsylvania appellate courts have [stated] 'while it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim.'" *Clarkson v. Geisinger Medical Center,* 46 D.&C.4th 431, 435 (Montour Cty. 2000). (citation omitted) The *Clarkson* court stated that, "a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitutes the negligence and unskillfulness complained of, so that plaintiff's proof may be confined to such acts, and so that he may reasonably prepare his defense." *Id.* (citations omitted)

Reviewing paragraph 57 of plaintiffs' second amended complaint, we believe that it is necessary for the plaintiffs to set forth specifically which defendants fail to treat and/or admit Taghreed Mansour to the hospital which amounted to a flagrant, reckless and gross deviation from the ordinary standard of care. Accordingly, we will sustain Dr. Kueler's motion to strike paragraph 57. However, we recognize that "the right to amend should not be withheld where there is some reasonable possibility that the amendment may be accomplished successfully." *Hoza v. Hoza,* 302 Pa. Super. 72, 78, 448 A.2d 100, 103 (1982). (citation omitted) As we believe that plaintiffs may successfully amend their complaint in this manner and set forth with specificity the defendants to

which they refer, we will allow plaintiffs to file a third amended complaint.

In addition, Dr. Kueler asks this court to strike paragraph 89(a), (b) and (c) for lack of specificity. Paragraph 89 reads as follows:

"The negligence of Dr. Kueler includes the following:

"(a) failure to appreciate the significance Taghreed Mansour's abnormal liver chemistries; and

"(b) failure to adequately and appropriately treat Taghreed Mansour's liver failure.

"(c) failure or order and/or admit Taghreed Mansour to the hospital once signs and symptoms of Depakote poisoning appeared."

Dr. Kueler argues that these allegations are mere general allegations of negligence and conclusions of law with no specific facts. Dr. Kueler maintains that paragraph 89(a), (b) and (c) does not set forth specifics on how he failed to adequately and inappropriately treat plaintiff. In the case of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), the court held that a complaint containing boilerplate allegations of negligence could be amended to add specific factual allegations of negligence even after the statute of limitations had run. In allowing the plaintiff in *Connor* to amend the complaint, the court opined that the language that the defendant was negligent "and otherwise failing to use due care and caution under the circumstances" was sufficient to allow the amendment since it amplified the general allegation of negligence. Since that time, defense attorneys have filed preliminary objections in the nature of a motion to strike or motion for a more

specific pleading so as to avoid the general allegations of negligence which may later be amended to amplify the general negligence allegations. However, we find that in medical malpractice cases, the defendants have equal awareness of the facts and in many cases superior knowledge and understanding of the significance of the procedures and treatments involved. With this in mind, we believe that paragraph 89 is sufficiently pleaded to allow Dr. Kueler to respond and formulate a defense, particularly since further clarification may be obtained through the discovery process. We do not believe that the allegations in paragraph 89 are so general which would allow an amplification of the claim against Dr. Kueler beyond his alleged failure to order and/or admit Taghreed to the hospital, the abnormal liver chemistries and liver failure. Accordingly, we will overrule Dr. Kueler's preliminary objections in the nature of a motion to strike paragraph 89.

## PRELIMINARY OBJECTIONS OF DR. LEVINSON

Dr. Levinson has filed preliminary objections to plaintiffs' second amended complaint in the nature of a motion to strike plaintiffs' allegations of recklessness and gross negligence and dismiss plaintiffs' claim for punitive damages. Pennsylvania Rule of Civil Procedure 1019(a) requires that a complaint state "material facts" to support a cause of action. "A cause of action in negligence has been defined as a negligent act or acts which occasioned the injury for which relief is sought." *Reynolds v. Thomas Jefferson University Hospital,* 450 Pa. Super. 327, 338, 676 A.2d 1205, 1210 (1996). (citations omitted) Pennsylvania appellate courts have stated that it is not

necessary for a complaint to identify the specific legal theory underlying the claim, however, it must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim. *Clarkson, supra* at 435.

Dr. Levinson requests this court to strike paragraphs 57, 102-11 and any allegations of recklessness and/or plaintiffs' claim for punitive damages. As we stated above, paragraph 57 set forth above is not sufficiently specific as to which defendant it refers. Hence, we will permit plaintiffs to amend their pleading to set forth the specific defendants.

Restatement (Second) of Torts, §908 was adopted in Pennsylvania and states as follows:

"Punitive damages are damages . . . awarded against the person to punish him for his outrageous conduct or to deter him and others like him from similar conduct in the future.

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the right of others."

Outrageous conduct has been defined as an act done with bad motives or reckless indifference to others. "The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care." *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 278, 696 A.2d 1159, 1164 (1997). (citation omitted) We see nothing in this complaint which would give rise to an award of punitive damages against Dr. Levinson. Plaintiffs have not pleaded any ill motive or reckless indifference Dr. Levinson had towards Taghreed to support the award of punitive damages against him. As such, we will dismiss

plaintiffs' complaint for punitive damages against Dr. Levinson.

Dr. Levinson further requests that we strike plaintiffs' allegations of recklessness from paragraphs 102 to 111. We note that the second amended complaint contains the word reckless or recklessness in paragraphs 103, 108, 110 and a claim for punitive damages in paragraph 111. As set forth above, punitive damages may be awarded where the defendants' conduct is outrageous which has been defined as an act done with bad motive or reckless indifference to the interest of others. In reviewing the complaint as a whole, we cannot say that the plaintiff has alleged facts to support bad motive or reckless indifference of Dr. Levinson towards the interest of Taghreed. Although we recognize that plaintiffs allege that this is not a case of mere inadvertence, but where doctors and nurses negligently managed a prescription of a highly potent and toxic medication, we cannot say that this rises to a level of outrageous wanton conduct or reckless indifference to allow the imposition of punitive damages. Hence, we will sustain defendant's preliminary objection and strike the word "recklessness" from the above mentioned paragraphs and further strike plaintiffs' claim for punitive damages.

Finally, Dr. Levinson, has filed preliminary objections in the nature of a motion to strike plaintiffs' allegations of gross negligence in paragraphs 67 through 69. Gross negligence has been defined to mean a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care. *Id.* As set forth above, we do not believe that the allegations in plaintiffs' second amended

complaint rise to the level of gross negligence. Accordingly, we will sustain Dr. Levinson's motion to strike allegations of gross negligence from paragraphs 67 to 69 of plaintiffs' second amended complaint.

## PRELIMINARY OBJECTIONS OF SALISBURY BEHAVORIAL HEALTH INC. d/b/a MILESTONES COMMUNITY HEALTHCARE INC.

Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. (Milestones) filed preliminary objections to plaintiffs' second amended complaint arguing that plaintiffs have failed to initiate original process on it for the original complaint on June 20, 2007, therefore; service by first-class mail of the first amended and second amended complaint do not constitute original process since Milestones was not an original party to this action. Milestones argue that plaintiffs cannot add a new defendant by simply amending the complaint and that the plaintiffs must adhere to Pennsylvania Rules of Civil Procedure 2232(c) if it seeks to add a new defendant to the existing cause of action.

The court notes that in the plaintiffs' original complaint filed on June 19, 2007, Salisbury House of Northeast PA is listed as a defendant. Plaintiffs' first amended complaint lists Salisbury Real Holdings f/k/a Salisbury House of Northeast PA and Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. as defendants. Plaintiffs filed their second amended complaint on August 21, 2007.

It is clear in Pennsylvania that the only proper way to commence an action is by proceeding in accordance with the clear and unambiguous language found in Pa.R.C.P.

1007. Although Rule 1007 states that a plaintiff can commence an action by complaint, it does not state that an action may be commenced by filing an amended complaint. Once an action has been commenced, a defendant must be provided notice of the action pursuant to the rules as set forth in the Pennsylvania Rules of Civil Procedure, Rules 400-430. Rule 400 indicates who may make service and Rule 402 provides the manner of service to be made. Specifically, Rule 402 requires:

"(a) Original process may be served

"(1) by handing a copy to the defendant; or

"(2) by handing a copy

"(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

"(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

The sheriff's return of service regarding Milestones indicates that the Monroe County Sheriff's Department served Justin Dugan (case manager) at 1020 Cherry Lane Road, East Stroudsburg on September 6, 2007. Milestones contends that the service upon it of the amended complaint is improper and does not constitute service by original process because it was not a defendant contained in the original complaint filed by plaintiffs. In response, the plaintiffs contend that on September 6, 2007, they served Milestones with a copy of the amended complaint

at 1020 Cherry Lane Road, East Stroudsburg, PA, which constituted service by original process. Plaintiffs contend that Milestones was an original party defendant to this action but improperly designated as Salisbury House of Northeast PA.

The Rules of Civil Procedure provide that the action against a corporation shall be prosecuted in the corporation's name. Pa.R.C.P. 2177. As defined in Pa.R.C.P. 2176, " 'corporate name' means any name, real or fictitious, under which a corporation or similar entity was organized, or conducts business, whether or not such name has been filed or registered."

Plaintiffs argue that Milestones was incorrectly designated as Salisbury House of Northeast PA and that the first amended complaint was simply done to correct the corporate designation. We do not agree. The Pennsylvania Bureau of Corporations lists may corporations with the name beginning with Salisbury. Specifically we found Salisbury House of Northeast PA, Salisbury Real Holdings Inc. and Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. We do not believe that plaintiffs can simply amend the name and caption of an action where two separate and distinct corporate entities exist. We believe that the question before the court is whether the defendant must be named in and served with the original complaint to be a proper party to the litigation.

Instantly, plaintiffs did not petition the court to join Milestones as a party to this action. Plaintiffs simply joined Milestones by filing an amended complaint which is impermissible. *Mikkilineni v. Amwest Surety Insurance Co.,* 919 A.2d 306 (Pa. Commw. 2007). The Pennsylva-

nia Rules of Civil Procedure provide the proper method for adding additional defendants to an action. Pa.R.C.P. 2232(c) provides the following:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over the person cannot be obtained and the person is not an indispensable party to the action."

Milestones argues that because it was not named in the original complaint, it cannot be a defendant in this action without court approval. We agree. We find that when plaintiffs filed their amended complaint joining Milestones as a defendant it was impermissible. Although the amended complaint was served according to Pa.R.C.P. 402, the joinder of Milestones was improper and therefore the service of process is invalid. Accordingly, we will sustain Milestones' preliminary objection and dismiss Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. as a party to this action. We will also order the removal of the name of Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. from the caption in this matter.

## PRELIMINARY OBJECTIONS OF SALISBURY REAL HOLDINGS INC. f/k/a SALISBURY HOUSE OF NORTHEAST PA

Salisbury Real Holdings Inc. f/k/a Salisbury House of Northeast PA filed preliminary objections to plaintiffs' second amended complaint seeking to strike the affidavit

of service filed by plaintiffs on the basis that the address identified in the affidavit was improper. Salisbury argues that since the service of process was not made at its registered office or regular place of business, service was not proper. In response, plaintiffs contend that after being assured by Salisbury's counsel that it never treated Taghreed, it agreed to voluntarily dismiss the action against Salisbury without prejudice, however, counsel responded by filing preliminary objections.

The sheriff's return of service indicates that Salisbury House of Northeast PA was served (no address listed) with service made on a person named Lori Huluy "caseworker" on June 22, 2007 at 9 a.m. An affidavit of service filed by plaintiffs on July 11, 2007 indicates that service was made on Salisbury. Although the manner of service is consistent with Rule 402(a)(2)(iii), Salisbury contends that the address at which service of original process was made, that being 1020 Cherry Lane Road, East Stroudsburg, Pennsylvania is not proper. Salisbury contends that it never conducted business at 1020 Cherry Lane, East Stroudsburg, PA, however, it has a registered office and principal place of business located at 513 Lehigh Street, Allentown, PA and that at no time did it have any employees working at 1020 Cherry Lane Road, East Stroudsburg, Pennsylvania. Plaintiffs do not dispute Salisbury's contention. Since plaintiffs have not disputed Salisbury's contention, we will strike the affidavit of service as to Salisbury Real Holding Inc.

## PRELIMINARY OBJECTIONS OF DR. COHAN

In his first preliminary objection, Dr. Cohan filed a motion to strike plaintiffs' second amended complaint

for lack of specificity. In particular, paragraph 57 contains broad allegations that defendants failed to treat and/or admit Taghreed to the hospital in light of her abnormal liver chemistries and her persistent symptoms amounting to a flagrant, reckless and gross deviation from the ordinary standard of care. Dr. Cohan contends that without further specificity as to how he failed to treat her, the paragraph must be stricken. As we have set forth amply above, we agree that the paragraph is overbroad, hence, we will strike paragraph 57 of plaintiffs' complaint.

Dr. Cohan also asks this court to strike paragraph 92 (a) and (b) as being general, vague and containing boilerplate language. Paragraph 92 states as follows:

"(92) The negligence of Dr. Cohan included the following:

"(a) Failure to appreciate the significance Taghreed Monsour's abnormal liver chemistries; and

"(b) Failure to adequately and appropriately treat Taghreed Monsour's liver failure."

Dr. Cohan argues that the above paragraph is in violation of Rule 1019(a) in that it fails to specify any facts to support the generic allegations in order to allow him to properly respond. We have set forth the standard for specificity above and we believe that, reviewing the complaint as a whole, Dr. Cohan is apprised of the nature of the claim against him and is able to formulate an appropriate defense thereto. Although paragraph 92(a) and (b) are general in nature, a reading of the entire complaint sets forth specific facts upon which Dr. Cohan can base his defense.

Next, Dr. Cohan filed a motion to strike plaintiffs' claim for punitive damages. We have set forth the law in regards to punitive damages above and based upon on our previous analysis we believe that the complaint fails to set forth a cause of action for punitive damages against Dr. Cohan. Accordingly, we will sustain Dr. Cohan's motion to strike plaintiffs' claim for punitive damages.

Based upon the foregoing, we enter the following order:

## ORDER

And now, December 28, 2007, upon consideration of defendants Gnaden Memorial Hospital's; Marc M. Kueler's; Ilan Levinson's; Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc.'s; Salisbury Real Holdings f/k/a Salisbury House of Northeast PA's and Charles Cohan's preliminary objections to plaintiffs' second amended complaint and the responses thereto, it is hereby ordered as follows:

(1) Gnaden Memorial Hospital, Marc M. Kueler, Ilan Levinson and Charles Cohan's preliminary objections in the nature of a motion to strike paragraph 57 of plaintiffs' second amended complaint are sustained;

(2) Ilan Levinson's preliminary objections in the nature of a motion to strike allegations of recklessness, gross negligence and plaintiffs' claim for punitive damages from plaintiffs' second amended complaint are sustained;

(3) Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc.'s preliminary objections in the nature of a motion to dismiss are sustained;

(4) Salisbury Real Holding Inc. f/k/a Salisbury House of Northeast PA's preliminary objections in the nature of a motion to strike affidavit of service are sustained;

(5) the remainder of defendants Marc M. Kueler's; Ilan Levinson's; and Charles Cohan's preliminary objections are overruled.

It is further ordered that Salisbury Behavioral Health Inc. d/b/a Milestones Community Healthcare Inc. be removed as a defendant from the case caption. It is further ordered that plaintiffs Taghreed Samir Mansour by Fawzia Mansour and Ahmed Mansour are granted leave to file a third amended complaint within 20 days from the date of this order.