## Kwak v. Ottaway Newspaper Inc.

C.P. of Monroe County, no. 3423 Civil 2008.

*James M. Scanlon,* for plaintiff.
*James P. Gregorowicz* and *Gayle C. Sproul,* for defendant.

CHESLOCK, *J.,* October 16, 2008—This matter was commenced by plaintiff, Katarzyna Kwak, for defamation after a newspaper article reported that she was involved in an automobile accident whereby the plaintiff struck Kathryn R. Stevens on Route 611 near Pocono Creek Drive, Monroe County, Pennsylvania. After preliminary objections were filed to the initial complaint, plaintiff filed an amended complaint on July 17, 2008. On August 5, 2008, the defendants, Ottaway Newspaper Inc., Ottaway Newspapers of Pennsylvania L.P., Ottaway

Community Newspapers, Dow Jones and Company Inc., CT Corporation, News Corporation and Mike Sadowski (defendants) filed preliminary objections to plaintiff's amended complaint. The defendants filed the following preliminary objections: (1) that the news reports are not materially false; (2) that the news reports are not capable of defamatory meaning; (3) that the amended complaint fails to allege defendants intended the alleged defamatory implication; and (4) the amended complaint is not properly verified. The matter was praeciped for oral argument and the court heard oral argument on October 6, 2008. At the time of oral argument, the defendants indicated that the plaintiff had properly verified her amended complaint and, therefore, that issue was moot. We will now determine the remainder of the defendants' preliminary objections.

In her complaint, the plaintiff seeks damages for defamation as a result of two news reports regarding an automobile accident in which a pedestrian was hit and died. The preliminary objections filed by the defendants are in the nature of a demurrer. When considering preliminary objections in the nature of a demurrer, the court must accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom. *Webb Manufacturing Company v. Sinoff,* 449 Pa. Super. 534, 537, 674 A.2d 723, 724 (1996). (citation omitted) The court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Title Insurance Company v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995), *allocatur denied,* 543 Pa. 699, 670 A.2d 145 (1995). (citation omitted) A demurrer maybe sus-

tained only where the complaint is clearly insufficient to establish the pleader's right to relief. *MacGregor v. Mediq Inc.,* 395 Pa. Super. 221, 225, 576 A.2d 1123, 1125 (1990). (citation omitted)

If a demurrer is sustained, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. *Hoza v. Hoza,* 302 Pa. Super. 72, 78, 448 A.2d 100, 103 (1982). (citation omitted) A trial judge's denial of amendment is proper only in limited circumstances, such as where the plaintiff has repeatedly failed to successfully amend the complaint or is unable to do so. *Pennfield Corporation v. Meadow Valley Electric Inc.,* 413 Pa. Super. 187, 200, 604 A.2d 1082, 1089 (1992). (citation omitted)

Defendants, in their preliminary objections, argue that the plaintiff has failed to set forth a cause of action against them. The tort of defamation is in reality two separate and distinct causes of action. *12th Street Gym Inc. v. General Star Indem. Co.,* 93 F.3d 1158, 1163 (3d Cir. 1996). The two causes of action that fall under the umbrella of defamation are: slander and libel. Slander has been defined as: "defamation by words spoken", that is the speaking of base and defamatory words which tend to prejudice the reputation, office, trade, business, or means of getting a living of another. *Id.* (citations omitted) A libel has been defined by the courts of this Commonwealth as: "a maliciously written or printed publication, which tends to blacken a person's reputation or to expose him to public hatred, contempt, or ridicule, or to injure him in his business profession." *Beckman v. Dunn,* 276 Pa. Super. 527, 533, 419 A.2d 583, 586 (1980).

(citation omitted) In essence, slander is defamation by spoken word, while libel is defamation via written or printed material. *Sobel v. Wingard,* 366 Pa. Super. 482, 531 A.2d 520 (1987).

Under Pennsylvania law, in order to support a claim for defamation, a plaintiff must allege and prove: (1) a defamatory communication; (2) pertaining to the plaintiff; (3) published by the defendant; (4) to a recipient who understands the communication to have a defamatory meaning with respect to plaintiff; (5) the recipient understands the communication in question was intended to apply to the plaintiff; and (6) the statement results in plaintiff's injury. *Puchalski v. School District of Springfield,* 161 F. Supp.2d 395 (E.D. Pa. 2001). A defamatory statement is one that tends to harm the reputation of another so as to lower him in the estimation of the communication or deter third persons from associating or dealing with him. *Id.* (citation omitted) Accordingly, we must initially examine the alleged defamatory statement in context and determine if it is capable of defamatory meaning. Whether a statement made by a defendant can be construed as defamatory is a question of law for the court to decide. *Rockwell v. Allegheny Health, Education and Research Foundation,* 19 F. Supp.2d 401 (E.D. Pa. 1998). (citation omitted)

Two news reports were published by the defendant concerning the accident. The first report, published on April 17, 2007, was titled "Woman hit by car, killed on Route 611 in Tannersville last night," and states in full:

"Kathryn R. Stevens, 32, of Tannersville, was walking on Route 611 near Pocono Creek Drive shortly

before 11 p.m. when she was hit by a car and killed last night.

"The driver, Katarzyna Kwak, 32, of Stroudsburg, was headed north, driving a 2003 BMW 5251.

"Pocono Township Police are investigating.

"Stevens was pronounced dead at the scene by Monroe County Deputy Coroner Robert Allen."

The second report, published on April 18, 2007, was titled "Pedestrian hit, killed on Route 611," and stated in full:

"Pocono Township Police are investigating an accident Monday night that killed a woman pedestrian.

"Police said that the woman, Kathryn R. Stevens, 32 of Tannersville was in the road on Route 611 near Pocono Creek Drive when she was hit by a northbound car.

"The driver, Katarzyna Kwak, also 32, of Stroudsburg, apparently did not see Stevens in the road and could not stop her car in time to avoid hitting her.

"Stevens was pronounced dead at the scene by Deputy Coroner Robert Allen. An autopsy was scheduled for Tuesday morning."

Applying the foregoing criteria to the above quoted communication, we conclude it is not a defamatory communication and is not the basis for injury to the plaintiff.

Our initial function is that of determining whether the communication at issue is capable of defamatory meaning. Black's Law Dictionary defines defamation as the act of harming the reputation of another by making a

false statement to a third person. Black's Law Dictionary, West Group 1999 (7th ed.). Instantly, the plaintiff argues that the news reports are materially false in that the April 17, 2007 article, states that Kathryn R. Stevens was walking along Route 611 when she was hit by a car driven by plaintiff. Plaintiff contends that the victim was lying in the road and not walking in the road and that clearly the April 17, 2007 article states that she was walking in the road which was false. Although the plaintiff argues that the news reports are materially false, defendants argue that the report must be read in context and must convey a materially false fact about her. The facts in this case are that the victim was in the road whether lying or walking, the plaintiff struck her and the victim died as a result thereof. Although it may be false or misleading that the victim was walking in the road, we do not believe that it was a materially false representation and, therefore, we conclude that it is not a defamatory communication.

Defendants also argue that the reports are not capable of a defamatory meaning because it does not intend to harm the reputation of the plaintiff. In evaluating the news reports, we must consider the effects the article is fairly calculated to produce, "the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." *Baker v. Lafayette College,* 350 Pa. Super. 68, 80, 504 A.2d 247, 253 (1986). (citation omitted) We find there is nothing in these articles which would tend to harm the reputation of the plaintiff so as to lower her in the estimation of the community or deter third persons from associating or dealing with her. Although we agree it may be more

significant for plaintiff to hit someone walking as opposed to lying in the roadway, we do not agree that this publication had the defamatory impact of creating the kind of harm which has grievously fractured her standing in the community. We find that the article clearly lists that the accident happened just shortly before 11 p.m. when it was dark and that the victim was a pedestrian who was unable to be seen by the plaintiff. Furthermore, the news reports indicate that the Pocono Township Police are investigating the matter and assigns no blame to the plaintiff. Further, we find that in a defamation action, plaintiff must establish either negligence or malice in order to recover damages. Negligence for the purposes of defamation actions is defined as a lack of reasonable care or diligence in ascertaining the truth. *Rutt v. Bethlehems' Globe Publishing Co.,* 335 Pa. Super. 163, 185, 484 A.2d 72, 83 (1984). The news articles in question clearly state that the police are investigating and although we find that the first report indicated that the victim was walking, the second report published on April 18, 2007 indicates that the victim was in the road on Route 611 when she was hit. Accordingly, we find that the defendants took steps for reasonably ascertaining the truth as to the stance of the victim. We find that the news report is not capable of defamatory meaning.

Finally, defendants argue that plaintiff's claim must fail because she has not alleged defendants intended to convey the alleged defamatory implication. Based on the reasoning above, we believe that this issue need not be addressed as we have found that the news reports are not materially false nor capable of defamatory meaning. We also believe that, given the fact that the plaintiff has

amended her complaint unsuccessfully and given the specific facts of this case, we do not believe that an amendment can be accomplished successfully.

Accordingly, we will sustain the defendants' preliminary objections in the nature of a demurrer and dismiss plaintiff's amended complaint.

In light of the foregoing, we enter the following order;

### ORDER

And now, October 16, 2008, upon consideration of defendants' preliminary objections and the plaintiff's response thereto, it is hereby ordered that defendants' preliminary objections in the nature of a demurrer are sustained.