J-S51002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KELI R. GENTZLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GRAHAM PACKAGING COMPANY, L.P., | |
| Appellee | No. 525 MDA 2014 |

Appeal from the Order Entered February 19, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-SU-3450-88

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 15, 2014**

Keli R. Gentzler ("Employee") commenced this action against Graham Packaging Company, L.P. ("Graham Packaging"), her former employer, alleging that her discharge prior to the expiration of two years was a breach of their employment contract.  The trial court sustained Graham Packaging's preliminary objections in the nature of a demurrer and dismissed Employee's amended complaint with prejudice, finding that Employee failed to plead sufficient facts to overcome the presumption that her employment was terminable at will by either party.  After careful review, we affirm.

On or about September 11, 2012, Graham Packaging confirmed in writing ("Exhibit A") its earlier oral employment offer to Employee, and Employee accepted the offer.  Trial Court Opinion, 2/19/14, at 1.  Exhibit A

provided for a salary of $85,000 per year, and contained a provision entitled "Sign On Bonus" (hereinafter "bonus clause"), which stated as follows:

> As special consideration, you will receive a sign-on bonus of $20,000 subject to applicable taxes. Should you leave the company voluntarily within two years, you agree to reimburse Graham for the entire amount.

Amended Complaint, Exhibit A.

On July 8, 2013, Graham Packaging terminated Employee's employment. Trial Court Opinion, 2/19/14, at 2. On September 25, 2013, Employee commenced the instant action alleging that Graham Packaging prematurely breached its contract with her when it terminated her within two years of the inception of the employment relationship. After Graham Packaging filed preliminary objections in the nature of a demurrer, Employee filed an amended complaint pursuant to Pa.R.C.P. 1028(c)(1), and averred therein that Graham Packaging's tender of a $20,000 bonus was "special consideration" in exchange for her acceptance of the offer. *Id*. at ¶ 14. She alleged further that by agreeing to repay that bonus if she voluntarily terminated her employment within two years, she "tendered consideration by agreeing to refrain from voluntarily terminating" that relationship for a two-year period. *Id*. at ¶ 15. She averred that her acceptance created "a two-year contractual employment relationship between the parties." *Id*. at ¶ 18. Employee contended that her discharge prior to the expiration of the two-year period was a breach of contract.

On November 26, 2013, Graham Packaging again filed preliminary objections in the nature of a demurrer to Employee's amended complaint, renewing its contention that the pleading failed to defeat the presumption of at-will employment. Specifically, it contended that its discharge of Employee did not create a legal cause of action because Employee was an at-will employee who could be terminated at any time for any or no cause. The trial court agreed, sustained the demurrer, and dismissed Employee's amended complaint with prejudice. Employee filed this timely appeal and presents two issues for our review:

> (1) Did the trial court err as a matter of law in sustaining the Appellee's Preliminary Objections in the nature of [a] Demurrer, holding that [Employee's] First Amended Complaint was legally insufficient to support a claim for breach of contract?

> (2) Did the trial court abuse its discretion in dismissing [Employee's] First Amended Complaint with prejudice thereby depriving [Employee] of the opportunity to amend [her] pleading?

Appellant's brief at (unnumbered page) 3.

Initially, we note the standard for our review of a trial court's ruling on preliminary objections in the nature of a demurrer:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the plaintiff's complaint. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Thus, our scope of review is plenary and our standard of review mirrors that of the trial court. Accepting all material averments as true, we must determine whether the complaint adequately states a claim for relief under any theory of law.

*Grose v. Procter & Gamble Paper Products*, 866 A.2d 437, 440 (Pa.Super. 2005) (citations and internal quotations omitted). We are not bound, however, to accept as true any conclusions of law in the amended complaint. *Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1134 (Pa.Super. 1991).

In order to plead a legally sufficient claim for a breach of contract, the following elements must be present: (1) the existence of a contract, (2) a breach of duty imposed by the contract, and (3) damages. *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa.Super. 2005). Preliminarily, we recognize that under the well-settled laws of this Commonwealth, all employment is presumed to be at will. *Mudd v. Hoffman Homes for Youth, Inc.*, 543 A.2d 1092, 1095 (Pa.Super. 1988). In an at-will employment situation, an employee may leave a job for any or no reason and an employer may discharge an employee with or without cause. *Id*. "As a general rule, there is no common law cause of action against an employer for termination of an at-will relationship." *Id*. Thus, in order for Employee to maintain the instant cause of action, her amended complaint must contain factual allegations that rebut the presumption of at-will employment. The presumption of at-will employment can be overcome if one of the following is established: "(1) an agreement for definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an

- 4 -

applicable recognized public policy exception." ***Janis v. AMP, Inc.***, 856 A.2d 140, 144 (Pa.Super. 2004) (quoting ***Luteran v. Loral Fairchild Corp.***, 688 A.2d 211, 214 (Pa.Super. 1997)).

Preliminarily, Employee asserts that the trial court erred by overstepping its boundaries in ruling on the demurrer. Specifically, she alleges that the trial court erred in the following respects: by considering whether a contract of a specified duration existed; by speculating as to the intent of the parties with respect to the bonus clause; by considering, *sua sponte*, the existence of an express contract when Graham Packaging did not object to it in its demurrer; and by considering the merits of Employee's cause of action rather than determining whether a legally sufficient claim for breach of contract existed. Appellant's brief at (unnumbered pages) 5-6. We address first these allegations of error by the trial court in ruling on the demurrer.

Employee argues that the trial court should have accepted as true the averment in her amended complaint that an employment contract for a specified term was formed. Appellant's brief at (unnumbered page) 12. However, the trial court found this averment to be a conclusion of law, which it was not obligated to accept as true. Trial Court Opinion, 2/19/14, at 5. The trial court has wide discretion in determining whether a particular averment in a pleading is a conclusion of law or an allegation of fact. ***Cucchi v. Rollins Protective Services Co.***, 546 A.2d 1131, 1135

(Pa.Super. 1988) (*reversed on other grounds,* 574 A.2d 565 (Pa. 1990)). Whether an averment is one of fact or a conclusion of law is determined by the "context disclosing the circumstances and the purpose of the allegation." ***Bessemer Stores, Inc. v. Reed Shaw Stenhouse, Inc.***, 496 A.2d 762, 765 (Pa.Super. 1985).

We agree with the trial court that the averment that Exhibit A constitutes an employment contract for a specified term is a legal conclusion. The trial court was bound to accept Exhibit A as an employment agreement executed between Employee and Graham Packaging, the facts pled in the amended complaint and the inferences reasonably drawn therefrom, but not the legal conclusion that it was an employment contract for a specified term of two years.

Employee also claims that it was error for the trial court to find that the bonus clause was intended to create an additional benefit and not a clause that created an employment contract for a specified term. Appellant's brief at (unnumbered page) 10. She continues that the trial court was not permitted to ascertain the intent of the parties from Exhibit A's bonus clause, and furthermore, that its determination was "speculative." We disagree. Contract interpretation is a question of law. ***Halpin v. LaSalle University***, 639 A.2d 37, 39 (Pa.Super. 1994). Generally, the task of interpreting a contract is performed by a court rather than a jury, and the goal is to ascertain the intent of the parties from the language of their

- 6 -

agreement. *Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 510 (Pa.Super. 2013). The trial court properly examined the clause in question to determine it was capable of supporting the inference that employment was guaranteed for a minimum of two years.

Employee contends next that Graham Packaging's demurrer related only to the existence of an implied employment contract for a specified term and that the trial court erred by considering *sua sponte* whether there was an express contract. Appellant's brief at (unnumbered page) 11. She relies upon *Alumni Assoc. v. Sullivan, et al*, 535 A.2d 1095, 1101 (Pa.Super. 1987), for the proposition that "matters not raised in preliminary objections are not to be considered by the court *sua sponte*."

Although Graham Packaging did not use the word "express" in its preliminary objections, it is apparent that Graham Packaging objected on the basis that Exhibit A, the executed agreement, was not an employment contract for a specified term. Graham Packaging pointed to the lack of any definite term in Exhibit A and any language that would preclude Employee's dismissal except for just cause. Defendant's Preliminary Objections Plaintiff's Amended Complaint, ¶¶ 12, 15. A definite term of employment or just-cause language are two terms in an express contract that may overcome the at-will presumption of employment. *Veno v. Meredith*, 515 A.2d 571, 577 (Pa.Super. 1986). Since Graham Packaging's objection was based on the absence of terms in the writing that would defeat the

presumption of an at-will contract, we find no merit in Employee's contention that the trial court *sua sponte* raised the issue.

Finally, we find no indication that the trial court considered the merits rather than the legal sufficiency of the pleading. The court was charged with determining whether the amended complaint contained factual averments that, if proven, were capable of overcoming the presumption of at-will employment. The court performed that task.

Having concluded that the trial court applied the proper legal standard in ruling on the demurrer, we turn to the court's analysis of whether the amended complaint was legally sufficient to rebut the presumption of at-will employment. The trial court found the following: the bonus clause did not contain a definite term of employment; there was no language stating that Employee could only be terminated for just cause; there was no additional consideration present as the bonus clause did not confer any special benefit on Graham Packaging nor subject Employee to any hardship; and there was no applicable public policy exception that would preclude termination of Employee. Trial Court Opinion, 2/19/14, at 6-7. The court concluded that the bonus was merely an incentive.

We find no error or abuse of discretion in the trial court's conclusion that Employee has not stated a legally sufficient claim for breach of an express or implied employment contract that would overcome the presumption of at-will employment. We turn first to the employment

agreement, Exhibit A. As this Court noted in **Nix**, **supra** at 1135, the "clearest exception to the rule of employment-at-will is where the employer and employee have entered into a valid contract which expresses an intention to overcome the presumption." In **Veno**, **supra** at 577, we recognized that the most elementary way to do so is by express contract "for a definite term," or that "forbids discharge in the absence of just cause." However, we held therein that such a contract must be clear and definite. Where the language is indefinite or ambiguous, "such language and agreements will be 'strictly reviewed because of the pervasive presumption that the employment is at-will.'" **Id**.

We agree with the trial court's assessment of Exhibit A. Employee argues that one can reasonably infer from the absence of any at-will language that the employment was not at will. Appellant's brief at (unnumbered page) 10. Such an argument flies in the face of the presumption that all employment under the laws of this Commonwealth is at will. **Mudd**, **supra** at 1095.

Employee contends further that the bonus clause was an agreement of duration, creating an employment contract for a specified term of two years because she could not freely resign prior to that time without incurring a penalty. **Id**. at ¶¶ 14-18. We disagree. The bonus clause, by its terms, did not express an obligation to employ Employee for at least two years. Indeed, the proviso, "Should you leave the company voluntarily within two

years[,]" suggests that Employee was free to leave her employment at any time, and that the employer could terminate her within that two-year period, which were scenarios consistent with at-will employment. Certainly, this language does not clearly and definitely support a finding of an employment contract for a specified duration. Nor did the Employee's obligation to repay the bonus if she were to voluntarily resign within two years create a contract for that specified term. We find this analogous to the situation in ***Nelson v. Genesee & Wyo. Inc.***, 2010 U.S. Dist. LEXIS 96836 (W.D. Pa. 2010), where a federal district court applied Pennsylvania law regarding employment contracts. The court concluded that a "Relocation" provision, which obligated an employee to repay prorated relocation expenses if he resigned within six months, did not create an employment contract of definite duration.

We agree with the trial court that this clause is exactly what its label suggests: a sign-on bonus. It is merely an incentive to entice Employee to accept employment and stay for at least two years, and not a promise to employ her for a minimum term of two years. It does not clearly and unambiguously set forth a definite term of employment. Furthermore, it contains no provision for discharge for just cause only. Hence, we do not find any language in Exhibit A that can be construed to be a term of definite duration.

We recognize, however, that absent express provisions, "the presumption may also be overcome by implied contract," where "circumstances surrounding the hiring" indicate that the parties did not intend the employment to be at-will or where the employee provides special consideration to the employer in addition to the services for which he was hired, or incurs substantial hardship. *Luteran*, *supra* at 214; *see also DiBonaventura v. Consol. Rail Corp.*, 539 A.2d 865, 867-70 (Pa.Super. 1988) (finding that reliance on an employee manual suggesting that employment is not at-will, or an allegation of a company policy prohibiting discharge of employees except for just cause, are examples of facts that may permit a finding of an implied employment contract for a specified term).

Employee avers that her receipt of the bonus was special consideration that would overcome the presumption of at-will employment. However, Employee misapprehends the law. The question is not whether the employee received special consideration but whether the employee conferred special consideration upon the employer. "Additional consideration exists when an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform." *Donahue v. Fed. Express Corp*., 753 A.2d 238, 245 (Pa.Super. 2000) (quoting *Cashdollar v. Mercy Hosp. of*

- 11 -

***Pittsburgh***, 595 A.2d 70, 73 (Pa.Super. 1991)).  Substantial hardship has been found where an employee left his former job, sold a house, and moved away for employment.  ***Id***.

The amended complaint does not contain any factual allegations from which it reasonably can be inferred that Employee conferred any special consideration on Graham Packaging or that she incurred substantial hardship.  Employee's averment that she would face a "penalty," *i.e.*, the obligation to reimburse the bonus to Graham Packaging if she voluntarily resigned within the first two years is neither additional consideration to Graham Packaging nor a substantial hardship to Employee.  Therefore, we agree with the trial court and find that the third factor is not pled or present.

Finally, our law does provide legal redress in those situations when discharge offends public policy.  ***Luteran***, ***supra*** at 214.  For example, a cause of action may exist where an employer discharges an at-will employee when the employee refused to commit a crime or when he complied with a statutorily-imposed duty, contrary to the employer's wishes.  ***See Donahue***, ***supra*** at 244.  However, Employee does not contend that a recognized public policy was violated by her termination.  In sum, Employee does not allege facts that establish a legally sufficient claim for a breach of an express or implied employment contract and the trial court did not err by sustaining Graham Packaging's demurrer.

Employee's second contention on appeal is that the trial court erred in dismissing her amended complaint with prejudice. She maintains that she should have been given the opportunity to amend to correct any deficiencies. The principles governing amendment of a pleading are as follows:

> [T]he right to amend a pleading should not be withheld when there is a reasonable possibility that amendment can be accomplished. . . [E]ven when a complaint is deficient, amendment and not dismissal, is the appropriate remedy. If a demurrer is sustained, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully.

*Hoza v. Hoza*, 448 A.2d 100, 103 (Pa.Super. 1982) (citations and internal quotations omitted). However, the trial court has broad discretion to grant or deny a petition to amend. *Schwarzwaelder v. Fox*, 895 A.2d 614, 621 (Pa.Super. 2006). In reviewing the propriety of a trial court's denial of leave to amend, we may "overturn the order only if the trial court erred as a matter of law or abused its discretion." *Id*. In *Schwarzwaelder*, we found no abuse of discretion where the trial court denied permission to amend to attach a document where the language therein did not remedy the pleading deficiencies. *See also Pennfield Corp. v. Meadow Valley Elec.*, 604 A.2d 1082, 1089 (Pa.Super. 1992) (collecting cases).

In the present case, after Graham Packaging filed a demurrer to Employee's original complaint, Employee filed an amended complaint. Thus, Employee had the opportunity to amend her complaint and cure the alleged

deficiencies. While she availed herself of the right to amend, she failed to remedy the defects. Employee has not proffered additional facts that, were she permitted to amend, would state a claim. Thus, we find the trial court did not abuse its discretion in finding no reasonable possibility that Employee could successfully amend.

Exhibit A is not legally sufficient to create an express employment contract for a specified term. Employee has also failed to plead facts from which one can reasonably find that she incurred hardship or that she conferred special benefit upon Graham Packaging that would support a finding of an implied contract for a definite term. On the record before us, we find no abuse of discretion in the trial court's dismissal of Employee's amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2014