# Pocono Mountain Regional Police Comm'n v. L.R. Costanzo

*Megan P. Maguire,* for plaintiff.

*Harry T. Coleman, Bruce L. Coyer, Nicholas Noel,* and *Benjamin A. Nicolosi,* for defendants.

SIBUM *J.,* March 7, 2011—This action comes before the court on additional defendant G. & Albert Consultants, P.C.'s ("Albert") preliminary objections to original defendant L.R. Costanzo Company, Inc.'s ("Costanzo") amended joinder complaint. A brief history of the case follows.

Plaintiff Pocono Mountain Regional Police Commission and Costanzo entered into a written contract on August 31, 2001 for the construction of a new police headquarters (the "project"). The project included the construction of a roofing system for the building. Plaintiff filed a complaint against Costanzo on September 28, 2009 for breach of contract, breach of warranty, breach of duty of good faith and fair dealing, and negligence in regards to defects discovered after the construction of the roofing system. Plaintiff alleges Costanzo, as general contractor, was liable to plaintiff for failing to provide an acceptable, leak-proof, structurally sound, and non-defective roof system. Costanzo filed a petition for leave to join additional defendants on June 8, 2010. By order dated June 11, 2010, the petition was granted, and G. & Albert Consultants, P.C. ("Albert"), Murray Jay Miller Architecture ("Miller Architecture"), and Arthur J. McHale Heating and Air

Conditioning Company, Inc. ("McHale") were named as additional defendants.

Costanzo filed its joinder complaint on June 23, 2010, and Miller Architecture filed preliminary objections on September 13, 2010. Costanzo then filed a three-count amended joinder complaint on September 22, 2010, rendering Miller Architecture's preliminary objections moot.

In count I of the amended joinder complaint, Costanzo claims that Albert was retained by plaintiff to act as Project Manager on plaintiff's behalf. Costanzo alleges that Albert's role as Project Manager was to make sure that the plans and specifications pertaining to the construction of the project were implemented as drawn. Specifically, Costanzo claims that the plans and specifications were, among other things, specific as to the location of the duct work in the attic of the building. Costanzo avers that as a result of Albert's negligent supervision, the duct work was not properly located in the attic as required by the plans and specifications, and consequently, damage to the building occurred.

Costanzo also avers that each of the additional defendants are solely liable to the plaintiff, or, in the alternative, the additional defendants are jointly and severally liable to Costanzo or liable over to Costanzo by way of contribution and/or indemnification.

McHale filed preliminary objections to the amended joinder complaint on October 13, 2010, challenging the

joinder complaint as untimely and in violation of the applicable four-year statute of limitations period. McHale's preliminary objections were denied by this court's opinion and order dated January 27, 2011.

Albert then filed preliminary objections on November 24, 2010 on the same grounds as McHale and also on the grounds that the pleading was not sufficiently specific. Both Albert and Costanzo[1] filed a brief in accordance with the local rules of court, however, all parties failed to appear for oral argument on February 7, 2011. We are now prepared to decide this matter.

## DISCUSSION

In their motion, Albert raises nearly identical issues pertaining to late joinder and the statute of limitations as presented by their co-defendant McHale. Such issues were thoroughly addressed in this court's opinion and order dated January 27, 2011, and which we incorporate herein. As such, no further discussion is necessary with respect to Albert's preliminary objection as to the joinder complaint being filed beyond the applicable statute of limitations. We will, however, address Albert's objections as they pertain to the late joinder of Albert specifically.

With respect to the issue of late joinder, Albert argues that it was prejudiced when it was joined in excess of the

---

1. Costanzo filed an "Answer by L.R. Costanzo, Company, Inc. to the preliminary objections filed by G. & Albert Consultants, P.C." on December 9, 2010. However, review of this document containing argument instead of answers in paragraph form suggests that Costanzo's "Answer" is in fact a brief in opposition to Costanzo's amended joinder complaint.

sixty-day limit imposed by Pennsylvania Rule of Civil Procedure §2253. Albert maintains that the allegation by Costanzo in its petition for leave to join additional defendants that the filing was delayed because Costanzo had only recently discovered the potential liability of the proposed additional defendants is without merit. Albert argues that Costanzo, as general contractor, knew and dealt with all entities involved in the project and was fully aware of Albert's potential liability when the problems with the roofing system were discovered. Therefore, Albert avers that the delay is inexcusable.

Albert also argues that it will be prejudiced by the late joinder because record evidence and memory recall may have faded, been destroyed or forgotten due to the passage of time. Albert contends that the information may have been preserved or memorialized had the joinder been timely made. Therefore, Albert requests this court dismiss the amended joinder complaint.

Pennsylvania Rule of Civil Procedure §2253, relating to time for filing a joinder complaint to join additional defendants, provides in part as follows:

(a) Except as provided by Rule 1041.1(e) [asbestos litigation], neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than

(1) sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or

(2) the time for filing the joining party's answer as established by Rule 1026, Rule 1028 or order of court,

whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court. Pa.R.C.P. §2253(a).

The rule also provides that while only the plaintiff may object to joinder on the ground that the joining party has not shown a reasonable justification for its delay in commencing the proceeding, "any person not previously a party who is joined as an additional defendant may object to the joinder by filing preliminary objections asserting prejudice or any other ground set forth in Rule 1028." Pa.R.C.P. §2253(b), (c).

Recent amendments to Pa.R.C.P. §2253 seem to abridge the requirements put forth in *Kovalesky v. Esther Williams Swimming Pools,* 497 A.2d 661 (Pa. Super. 1985), which stated that a petition for late joinder by an original defendant must contain:

(1) some reasonable justification or excuse for the delay;

(2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant, or liable to the defendant on a proper cross claim; *and* (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. *Kovalesky,* 497 A.2d at

665 (emphasis added).

Specifically, the amended rule seems to indicate that the burden to show cause before the court can issue an order to join a party after the 60-day limit no longer exists, and that the matter is within the discretion of the court. However, this amendment to the rules does not countermand *Prime Properties Development v. Binns,* 580 A.2d 405 (Pa. Super. 1990), which held that a late joined party may still challenge their joinder by filing preliminary objections to the joinder complaint, since the initial procedure involves only the parties of record at the time. In fact, the rule specifically states that a late joined party may object on the grounds of prejudice. Pa.R.C.P. §2253(c).

In this case, plaintiff filed its complaint on September 28, 2009 and later filed a praecipe to reinstate complaint on November 13, 2009. A copy of the pleading was served by original process on defendant Costanzo on November 30, 2009. Costanzo filed its joinder complaint on June 23, 2010, a period of almost seven months after service of plaintiff's complaint. Costanzo later filed an amended joinder complaint on September 22, 2010, a date of almost ten months from the date of service of plaintiff's complaint. From the clear language of the statute, Rule 2253 expressly provides 60-days from the date of service of the original complaint to file a joinder complaint and does not provide for a delay in filing. However, the court may allow late joinder upon a showing that no prejudice exists against the party being joined.

In this case, neither the original nor amended joinder

·complaint was filed within the 60-day period. Albert asserts that it is prejudiced by this delay. We disagree.

As stated in our prior opinion, the parties have not yet begun the discovery process or retained expert witnesses. There have been no depositions taken or discovery deadlines set. Additionally, the parties, including Albert, attempted to negotiate a settlement of this matter without further litigation. As such, Albert was on notice of possible future litigation. We therefore find that Albert will not be prejudiced by this late joinder.

Finally, Albert claims that the joinder complaint should be stricken for failure to specifically set forth the necessary material facts which would permit Albert to defend itself at time of trial. Albert avers that the amended joinder complaint fails to set forth any legal or factual basis that would support a cause of action against Albert, but rather sets forth a boilerplate adoption of the claims filed by the plaintiff against Costanzo. We disagree.

Pa.R.C.P. §1028(a)(3) provides that preliminary objections may be filed for insufficient specificity in a pleading. The content of pleadings is governed by Pa.R.C.P. §1019(a) which requires that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. §1019(a). Pennsylvania is a fact pleading state. Pleadings in a fact pleading jurisdiction serve the purpose of putting an opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. *Mansour ex rel. Mansour v. Gnaden Huetten Memorial Hospital*, 2007 WL

5234151 (Pa. Com. Pl.), 3 Pa. D. & C.5th 149; *Estate of Swift v. Northwestern Hospital of Philadelphia*, 690 A.2d 719, 723 (Pa. Super. 1996) (holding that the allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim").

"The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case." *Estate of Swift*, 690 A.2d at 723. "This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim." *Id.* Therefore, a complaint must not only provide a defendant with notice of the plaintiff's claim and the grounds upon which it is based, but it must also formulate the issues by summarizing those facts essential to support the cause of action. *Youndt v. First National Bank of Port Allegheny*, 868 A.2d 539, 544 (Pa.Super. 2005). A pleading is sufficiently specific only if it provides enough facts to enable the defendant to frame a proper answer and prepare a defense. *Id.* at 544-45.

In paragraph 6 of Costanzo's amended joinder complaint, Costanzo incorporates plaintiff's complaint by reference for the purpose of setting forth a factual background. Costanzo's amended joinder complaint identifies Albert as being retained by plaintiff to act as project manager on behalf of plaintiff. Costanzo avers that Albert's role as project manager was to make sure that the plans and specifications pertaining to the construction of the project

were implemented as drawn and that, among other things, the plans and specifications were specific as to the location of the duct work in the attic of the building. It was also plead that the duct work was not properly located in the attic as required by the plans and specifications and as a result, damage occurred to the building.

It is clear that the allegations against Albert were that it failed to perform its duties as project manager and as a result, damage occurred to the building for which Costanzo is being held responsible. As such, Albert has sufficient information to prepare an answer to the amended joinder complaint and to defend against the action. Albert's preliminary objection for insufficient specificity in a pleading pursuant to Pa. R.C.P. 1028(a)(3) will be overruled.

Accordingly, we enter the following order.

## ORDER

And now, March 7, 2011, upon consideration of G. & Albert Consultants, P.C.'s preliminary objections to defendant L.R. Costanzo Company, Inc.'s amended joinder complaint, said preliminary objections are overruled. Additional defendant, G. & Albert Consultants, P.C., is directed to file an answer to the amended joinder complaint of L.R. Costanzo Company, Inc. within twenty (20) days.